(283 P.3d 233)
No. 106,703

STATE OF KANSAS, *Appellee*, v. CHRISTIAN REESE, *Appellant*.

Opinion filed August 10, 2012.

*Jay Norton*, of Norton Hare, L.L.C., of Overland Park, for appellant.

*Steven J. Obermeier*, assistant district attorney, *Andrew J. Dufour*, legal intern, *Stephen M. Howe*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before GREENE, C.J., MALONE and ATCHESON, JJ.

GREENE, C.J.: Christian W. Reese appeals his sentence for a fifth lifetime conviction of driving under the influence of alcohol (DUI), arguing that the district court erred in failing to retroac-

tively apply K.S.A. 2011 Supp. 8-1567(j)(3), which, for purposes of determining whether a DUI conviction is a first, second, third, fourth, or subsequent conviction, shortens the "look-back" provision language from "any convictions occurring during a person's lifetime" to "only convictions occurring on or after July 1, 2001." L. 2011, ch. 105, sec. 19.

### FACTUAL AND PROCEDURAL BACKGROUND

On July 3, 2009, Reese was arrested for DUI, and he was convicted on June 6, 2011. His presentence investigation report reflected DUI convictions from 1983, 1985, 1988, and 1999. Reese filed a motion to strike his prior DUI convictions as being outside the scope of the new "look-back" provision of K.S.A. 2011 Supp. 8-1567(j)(3) in effect at the time of sentencing. The district court denied the motion and found that Reese's July 3, 2009, DUI was a fourth or subsequent DUI conviction under K.S.A. 2009 Supp. 8-1567 and sentenced Reese accordingly.

Reese appeals, arguing that the district court erred in refusing to retroactively apply K.S.A. 2011 Supp. 8-1567(j)(3).

### DID THE DISTRICT COURT ERR IN REFUSING TO RETROACTIVELY APPLY K.S.A. 2011 SUPP. 8-1567(j)(3)?

Reese argues that the change to K.S.A. 8-1567's "look-back" provision should be applied retroactively. At the time Reese committed his fifth lifetime DUI, the Kansas DUI statute contained a lifetime "look-back" provision; that is, any conviction occurring during a person's lifetime was taken into account when determining the sentence to be imposed for a second, third, fourth, or subsequent offender. K.S.A. 2009 Supp. 8-1567(o)(3). It was not until 2011 that the legislature amended the "look-back" period to provide that "only convictions occurring on or after July 1, 2001, shall be taken into account when determining the sentence to be imposed for a first, second, third, fourth or subsequent offender." K.S.A. 2011 Supp. 8-1567(j)(3); L. 2011, ch. 105, sec. 19.

Reese argues that because each of his four prior DUI convictions occurred before July 1, 2001, he should have been sentenced as a first-time offender under the amended statute that became effec-

tive before his sentencing. Interpretation of a statute is a question of law over which an appellate court has unlimited review. *State v. Arnett*, 290 Kan. 41, 47, 223 P.3d 780 (2010).

Reese argues that the amendment is clear, plain, and unambiguous on its face; as of July 1, 2011, DUI convictions occurring before July 1, 2001, are not to be considered for sentence enhancement. Although the amendment was effective before Reese's sentencing, it was *not* effective when his crime was committed.

It is a fundamental rule of criminal procedure in Kansas that a defendant is sentenced based on the law in effect when the crime was committed. *State v. Williams*, 291 Kan. 554, 559, 244 P.3d 667 (2010); *State v. Walker*, 277 Kan. 849, 850, 89 P.3d 920 (2004). As a policy matter, our Supreme Court has explained that "having the penalty parameters for an offense 'fixed as of the date of the commission of the offense is fair, logical, and easy to apply.' " *Williams*, 291 Kan. at 560. Our Supreme Court has found that a defendant's sentence was properly enhanced under the habitual criminal statute even though after the defendant committed aggravated burglary, but before his trial and sentencing, the statute was amended and no longer authorized a trial court to double the maximum sentence for a defendant convicted of aggravated burglary. *State v. Mayberry*, 248 Kan. 369, 387, 807 P.2d 86 (1991). Similarly, a panel of this court has found that an amendment to the driving while suspended statute, changing the conviction from a felony to a misdemeanor, did not apply retroactively. *State v. Edwards*, 28 Kan. App. 2d 379, 380-81, 15 P.3d 855 (2000); see *State v. Martin*, 270 Kan. 603, 607-10, 17 P.3d 344 (2001).

Moreover, we discern no language in the legislation that would indicate intent for retroactive application of this provision. Our Supreme Court has stated the fundamental rule regarding retroactivity of statutory changes:

"The fundamental rule is that a statute operates prospectively unless its language clearly indicates that the legislature intended it to operate retroactively. [Citation omitted.] An exception to the fundamental rule is that if the statutory change does not prejudicially affect the substantive rights of the parties and is merely procedural or remedial in nature, it applies retroactively. [Citation omitted.]" *Williams*, 291 Kan. at 557.

Because the legislature did not clearly indicate that it intended the amendment to operate retroactively, it operates prospectively unless we conclude that the procedural or remedial exception somehow applies. Our Supreme Court has defined substantive and procedural laws as follows: " 'As related to criminal law and procedure, *substantive law* is that which declares what acts are crimes and prescribes the punishment therefor; whereas *procedural law* is that which provides or regulates the steps by which one who violates a criminal statute is punished.' " *Tonge v. Werholtz*, 279 Kan. 481, 487, 109 P.3d 1140 (2005). Prospective application of a statute affecting sentencing necessarily means it applies to crimes committed thereafter.

Here, the district court found that the "look-back" amendment was a substantive change in the law and should not be applied retroactively. We agree. Our Supreme Court has found that a statutory amendment modifying the severity of punishment for a conviction alters substantive rights, and therefore only operates prospectively. *Williams*, 291 Kan. at 557. We see no reason the *Williams* rationale and conclusion should not apply here.

Reese also argues, however, that the legislature clearly intended K.S.A. 2011 Supp. 8-1567(j)(3) to apply retroactively where a sentence had not been imposed prior to the effective date of the amendment. We disagree. The legislature explicitly provided for retroactive application of some provisions within the Act, thus indicating no intent for retroactivity where not explicitly provided; specifically, K.S.A. 2011 Supp. 8-1014(g) allows a defendant to retroactively apply the amended penalty provisions regarding suspension and restriction of driving privileges. This amendment was contained in the same act as the amendment to K.S.A. 2011 Supp. 8-1567(j)(3). See L. 2011, ch. 105, secs. 14, 19. Similarly, the DUI Commission recommended retroactive application of the amended penalty provisions of K.S.A. 2011 Supp. 8-1014 if requested. Report of the Kansas DUI Commission to the 2011 Kansas Legislature, at 21-25 (2010). Because the legislature clearly provided for retroactive application in one area of the Act, its failure to do so for K.S.A. 2011 Supp. 8-1567(j)(3) must be considered as reflective of an intention for the "look-back" change to be applied prospec-

tively only. See *In re Petition to Call Grand Jury*, No. 103,723, 2011 WL 4716342, at *4 (Kan. App. 2011) (unpublished opinion) (noting that although the legislature knew how to provide a right to appeal, it did not do so), *rev. denied* 294 Kan. 944 (2012).

Finally, Reese argues that the statute should be applied retroactively because he should receive the benefit of an ameliorative sentencing amendment, citing Alaska caselaw to support his argument. As the State notes, however, Reese does not cite Kansas caselaw supporting this argument. Our Supreme Court has never recognized any such rule, and until it does, we are not inclined to embrace it despite its recognition elsewhere. See, *e.g., State v. Jaben*, 294 Kan. 607, Syl. ¶¶ 3-4, 277 P.3d 417 (2012); *State v. Roseborough*, 263 Kan. 378, 383-86, 951 P.2d 532 (1997); *Mayberry*, 248 Kan. at 387; see also *State v. Nunn*, 244 Kan. 207, Syl. ¶ 8, 768 P.2d 268 (1989) (remedial statute applied retroactively when it is merely procedural).

For all of these reasons, we conclude that the district court did not err in refusing to apply K.S.A. 2011 Supp. 8-1567(j)(3) retroactively.

Affirmed.