No. 106,703

STATE OF KANSAS, *Appellee*, v. CHRISTIAN REESE, *Appellant*.

(333 P.3d 149)

Opinion filed August 29, 2014.

*Jay Norton*, of Norton Hare, L.L.C., of Overland Park, argued the cause and was on the brief for appellant.

*Steven J. Obermeier*, assistant district attorney, argued the cause, and *Andrew J. Dufour*, legal intern, *Stephen M. Howe*, district attorney, and *Derek Schmidt*, attorney general, were with him on the briefs for appellee.

The opinion of the court was delivered by

JOHNSON, J.: After Christian W. Reese was convicted of driving under the influence of alcohol (DUI), the district court imposed the enhanced sentence applicable to a person with four prior DUI convictions. Reese contends that a change in the law, effective July 1, 2011, should have applied at his August 2011 sentencing to exclude all of his pre-July 1, 2001, DUI convictions for sentence-enhancement purposes. The Court of Appeals held that the shortened look-back provision of the new law is a substantive change that cannot be applied retroactively and, therefore, the amended method of determining whether a DUI conviction is a first, second, third, fourth, or subsequent conviction can only apply to DUIs committed on or after July 1, 2011, regardless of the sentencing date. *State v. Reese*, 48 Kan. App. 2d 87, 90-91, 283 P.3d 233 (2012).

Finding that the plain statutory language and the unique nature of the DUI sentencing scheme dictate that the number of prior DUI convictions applicable to the current DUI sentence is to be calculated at the time of sentencing on the current conviction, we hold that the shortened look-back period in K.S.A. 2011 Supp. 8-1567(j)(3) should have applied to Reese's post-July 1, 2011 sentencing. Accordingly, the Court of Appeals and the district court are reversed, Reese's sentence is vacated, and the matter is remanded for resentencing.

## FACTUAL AND PROCEDURAL OVERVIEW

Reese was arrested for DUI on July 3, 2009, but he was not convicted of the offense until June 6, 2011. His sentencing was scheduled for August 10, 2011, and a presentence investigation report identified four prior DUI convictions, all occurring before July 1, 2001. Reese filed a motion entitled "Defendant's Objection to and Motion to Strike Priors," arguing that pursuant to K.S.A. 2011 Supp. 8-1567(j), which was effective July 1, 2011, only convictions occurring on or after July 1, 2001, were to be considered for sentence enhancement, *i.e.*, to be used in determining whether the current conviction was a first, second, third, fourth, or subsequent conviction. The motion was denied, and Reese was subsequently sentenced as a fourth or subsequent DUI offender pursuant to K.S.A. 2009 Supp. 8-1567(o)(3), which then provided that all prior DUI convictions during a defendant's lifetime were counted for sentence enhancement purposes.

The Court of Appeals affirmed Reese's enhanced sentence. The panel first noted the "fundamental rule of criminal procedure in Kansas [is] that a defendant is sentenced based on the law in effect when the crime was committed." *Reese*, 48 Kan. App. 2d at 89 (citing *State v. Williams*, 291 Kan. 554, 559, 244 P.3d 667 [2010]). The panel did not discern any language in the statutory amendment indicating that the legislature clearly intended for the provision to apply "retroactively" to DUIs that were committed prior to, but not sentenced until after, the amendment's effective date. Then, because the statutory amendment was a substantive change in the law, the panel held the absence of clear legislative intent meant

that the law applied prospectively only. 48 Kan. App. 2d at 89-90. Finally, the panel rejected Reese's argument that criminal defendants should receive the benefit of ameliorative sentencing amendments because the panel could not discern any Kansas caselaw supporting such an argument. 48 Kan. App. 2d at 91.

We granted Reese's petition for review pursuant to K.S.A. 20-3018(b), obtaining jurisdiction under K.S.A. 60-2101(b).

## Statutory Interpretation of K.S.A. 2011 Supp. 8-1567

To reiterate, when Reese committed the current DUI offense, the applicable law said that a sentencing court must count all DUI convictions during the defendant's lifetime to determine whether the current conviction was a first, second, third, fourth, or subsequent offense for purposes of imposing an enhanced sentence, where applicable. We will refer to that prior law as the "lifetime look-back provision." When Reese was sentenced, the law had changed to provide that "only convictions occurring on or after July 1, 2001, shall be taken into account when determining the sentence to be imposed for a first, second, third, fourth or subsequent offender." K.S.A. 2011 Supp. 8-1567(j)(3). We will refer to the new law as the "limited look-back provision."

The question presented, then, is which statute applied to Reese's sentencing, the one in effect when he was sentenced or the one in effect when he committed the acts giving rise to his conviction. We discern that, historically, a DUI defendant's criminal history of prior DUIs has been established at the time of sentencing and that the applicable statutory language is consistent with that procedure, *i.e.*, the determination of whether the current conviction is the first or fifth for sentencing purposes need not occur until sentencing.

The Court of Appeals began its analysis by stating a general rule—that a defendant is sentenced based upon the law in effect when the crime was committed—before pivoting to the policy considerations this court set out in *Williams*, 291 Kan. at 560 (fixing penalty parameters on crime commission date " 'is fair, logical and easy to apply' "). But the sentencing question presented on appeal in this case is a function of statutory law. As with all such questions, the first step is to look at the statutory language before applying

common-law rules or considering policy matters. Specifically, what we must interpret, construe, and apply is the following language from the amended DUI statute:

"(j) For the purpose of determining whether a conviction is a first, second, third, fourth or subsequent conviction in sentencing under this section:

. . . .

"(3) only convictions occurring on or after July 1, 2001, shall be taken into account when determining the sentence to be imposed for a first, second, third, fourth or subsequent offender." K.S.A. 2011 Supp. 8-1567(j)(3).

## Standard of Review/Rules of Statutory Construction

Interpretation of a statute is a question of law over which appellate courts have unlimited review. *State v. Dale*, 293 Kan. 660, 662, 267 P.3d 743 (2011).

The most fundamental rule of statutory construction is that the intent of the legislature governs if that intent can be ascertained. *State v. Arnett*, 290 Kan. 41, 47, 223 P.3d 780 (2010). But if a statute is plain and unambiguous, this court will not speculate about legislative intent or turn to canons of construction or legislative history. *State v. Coman*, 294 Kan. 84, 92, 273 P.3d 701 (2012). On the other hand, where a criminal statute is silent or ambiguous on a matter, the rule of lenity applies to mandate that the statute be construed in favor of the accused. *Cf. State v. Thompson*, 287 Kan. 238, 249, 200 P.3d 22 (2009) (statute silence or ambiguity on unit of prosecution construed in favor of defendant).

## Analysis

Presumably because it started from the standpoint of the fundamental rule—that the law in effect at the time of the offense always controls sentencing—the Court of Appeals discerned that the only way the limited look-back provision could govern Reese's sentencing was if the amended statute were to be applied retroactively. From that perspective, we have no quarrel with the panel's recitation and application of the law, including the panel's statements that a statute operates prospectively unless there is clear language indicating the legislature intended otherwise and that a statutory amendment modifying the severity of punishment for a

conviction alters substantive rights. *Reese*, 48 Kan. App. 2d 87, Syl. ¶¶ 2, 4; see *State v. Wells*, 297 Kan. 741, 761, 305 P.3d 568 (2013); *State v. Martin*, 270 Kan. 603, 608-09, 17 P.3d 344 (2001).

But general rules promulgated by appellate courts, even those designated as "fundamental rules" or those generated as a "policy matter," do not trump statutory provisions or legislative intent. If the legislature intended for the K.S.A. 2011 Supp. 8-1567(j)(3) determination of whether the person convicted of DUI was "a first, second, third, fourth, or subsequent offender" to occur at the time of sentencing, then applying the limited look-back provision of the July 1, 2011, amendment to all sentences imposed after that date would be a prospective, not a retroactive, application of the statutory provisions. The statutory language, when considered in the context of how DUI criminal history has previously been treated by the courts and legislature, convinces us that the legislature intended the limited look-back provision of K.S.A. 2011 Supp. 8-1567(j)(3) to be applied at the time of sentencing, beginning with sentencings occurring on or after July 1, 2011.

To get to the aforementioned context, we pause to look at the nature of the DUI statutory scheme, its historical development, and how prior offenses have historically been handled.

Kansas' DUI law is a self-contained criminal statute, which means that all essential components of the crime, including the elements, severity levels, and applicable sentences, are included within the statute. Given that the DUI statute provides its own sentencing provisions, cases relating to the proper application of the Kansas Sentencing Guidelines Act (KSGA) are of minimal precedential value. See K.S.A. 21-4704(i) (sentence for violating K.S.A. 8-1567 provided by specific mandatory sentencing requirements of that statute and not subject to sentencing guidelines). K.S.A. 8-1567 is also considered a habitual criminal or recidivist statute because it imposes progressively enhanced sentences for repeat offenders. The philosophy underlying a recidivist or habitual criminal statute is that where a less severe penalty has failed to deter an offender from repeating a violation of the same law, a more severe penalty is justified to serve as an object lesson that hopefully will cause the offender to accomplish his or her refor-

mation. *City of Dodge City v. Wetzel*, 267 Kan. 402, 409, 986 P.2d 353 (1999).

When the DUI statute was originally enacted in 1937, it provided, in relevant part, that "[o]n a second or subsequent conviction [the offender] shall be punished by imprisonment for not less than ninety days nor more than one year, and, in the discretion of the court, a fine of not more than $500." K.S.A. 1937 Supp. 8-530(b). Our DUI statute did not provide for enhanced penalties after the second offense until 1982, when the legislature increased penalties for a third or subsequent conviction. See K.S.A. 8-1567(e) (Ensley 1982). At that time, the legislature also added a look-back provision, which provided that "only convictions occurring in the immediately preceding five years . . . shall be taken into account" when determining whether a conviction was a first, second, third or subsequent conviction for purposes of sentencing under the statute. K.S.A. 1983 Supp. 8-1567(i). That paradigm continued for nearly two decades, until 2001, when the legislature amended the statute to enhance the penalties for a fourth or subsequent conviction of DUI and extended the look-back provision from 5 years to a lifetime. See K.S.A. 8-1567(g) and (l)(3). The stated purpose of the 2001 amendments was to impose harsher penalties in an attempt to enhance public safety. See *State v. Sedillos*, 279 Kan. 777, 784-85, 112 P.3d 854 (2005). Another decade later, the legislature inexplicably softened the lifetime look-back provision by amending K.S.A. 8-1567 to limit the convictions that could be counted as a prior offense to those occurring on or after July 1, 2001. K.S.A. 2011 Supp. 8-1567(j)(3).

Prior DUI convictions have been consistently and repeatedly treated as sentence enhancements, rather than elements of the crime. Recently, in *State v. Key*, 298 Kan. 315, 319-20, 312 P.3d 355 (2013), we once again clarified that point:

"[T]his court has also consistently held that a prior DUI is a sentencing enhancement factor for, not an element for trial proof of, K.S.A. 8-1567 DUI. See *State v. Chamberlain*, 280 Kan. 241, Syl. ¶ 6, 120 P.3d 319 (2005) (showing of prior convictions goes only to question of defendant's classification; legislature has declared repeated violations justify enhanced penalty); *State v. Helgeson*, 235 Kan. 534, 536, 680 P.2d 910 (1984) (prior DUI 'not a statutory element of the crime

under K.S.A. 8-1567, . . . merely bears on the penalty imposed"), *overruled in part on other grounds by State v. Masterson*, 261 Kan. 158, 929 P.2d 127 (1996); see also *State v. Loudermilk*, 221 Kan. 157, 159-60, 557 P.2d 1229 (1976) (previous DUI conviction not element of substantive crime, serves only to enhance punishment). This has been true before and since statutory amendments distinguishing a misdemeanor DUI from a felony DUI. See *State v. Moody*, 282 Kan. 181, 197, 144 P.3d 612 (2006) (prior convictions not elements of DUI); *State v. Larson*, 265 Kan. 160, 164, 958 P.2d 1154 (1998) (same); *Masterson*, 261 Kan. 158, Syl. ¶ 1 (trial proof of prior conviction not necessary to establish guilt of later DUI, but defendant entitled under due process to notice in information, complaint of severity level being charged)."

*Key* also pointed out that "this court has allowed a DUI defendant who has gone to trial to attack the validity of an earlier DUI conviction to prevent it from being used as a sentencing enhancement." 298 Kan. at 320. Granted, "the State must put on evidence of at least two prior misdemeanor DUIs at a preliminary hearing on a felony DUI charge in order to demonstrate probable cause and bind over the defendant." 298 Kan. at 319. But due process concerns aside, the exact number of prior convictions that will act to enhance a current DUI sentence does not need to be established until the sentencing hearing.

We presume that the legislature knew that this court historically characterized prior DUI convictions as merely sentence enhancements determinable at sentencing when it enacted the 2011 amendments. See *State v. Henning*, 289 Kan. 136, 144-45, 209 P.3d 711 (2009) (courts generally presume that the legislature acts with full knowledge of existing law). Indeed, the legislature has previously taken explicit action to correct any notion that only the number of prior convictions existing when the person committed the current offense can be used to determine, at sentencing, whether the person is a first, second, third, fourth, or subsequent offender, as discussed below.

In *State v. Osoba*, 234 Kan. 443, 672 P.2d 1098 (1983), the defendant committed a first DUI in Sumner County, and while that case was pending, she picked up a second DUI arrest in Sedgwick County. Osoba pled guilty to the Sedgwick County DUI first and then argued in Sumner County that she should be sentenced as a first-time offender because she had no priors when she

committed the Sumner County DUI, even though she had the prior Sedgwick County conviction at the time of sentencing in Sumner County. Ultimately, this court agreed that she should have been sentenced as a first-time offender in Sumner County because that offense was committed before the Sedgwick County offense, *i.e.*, the defendant had no DUI criminal history when she committed the Sumner County offense. 234 Kan. at 445. The legislature responded by amending the DUI statute to clarify that when determining whether a conviction is the first, second, or third for sentence enhancement purposes "it is irrelevant whether an offense occurred before or after conviction for a previous offense." L. 1985, ch. 48, sec. 9; see also *Wetzel*, 267 Kan. at 406 (stating that legislature amended K.S.A. 8-1567 to change the result in *Osoba*).

Against this backdrop, we turn to the statutory language employed. We first note that K.S.A. 2011 Supp. 8-1567(j) refers to "determining whether a conviction is a first, second, third, fourth or subsequent conviction *in sentencing* under this section." (Emphasis added.) That phrasing is consistent with the concept of establishing the prior convictions at the time of sentencing. The provision goes on to say that "only convictions occurring on or after July 1, 2001, shall be taken into account *when determining the sentence to be imposed.*" (Emphasis added.) K.S.A. 2011 Supp. 8-1567(j)(3). The determination of the sentence to be imposed is made at the sentencing hearing, so that "when" must refer to the time that the sentencing hearing is being conducted. Accordingly, the provision could be paraphrased as follows: The convictions occurring during the limited look-back period shall be counted at the time of the sentencing hearing to determine whether the current conviction is a first, second, third, fourth, or subsequent conviction for sentence enhancement purposes. That phrasing makes it clear that the new limited look-back period in K.S.A. 2011 Supp. 8-1567(j) was intended to be applied at sentencing. Given that Reese's sentencing occurred after the effective date of the amendment, it applied to him.

In arriving at this plain language interpretation, we have not overlooked our recent decision in *Williams*, where we applied the

fundamental rule upon which the Court of Appeals relied. 291 Kan. at 559-60. But that case involved the KSGA, rather than the unique sentencing scheme applicable to DUIs. Moreover, the statutory provisions involved in *Williams* provided absolutely no guidance on legislative intent, whereas the statutory language here comports with the historical treatment of prior DUI convictions under K.S.A. 8-1567.

We have likewise not overlooked Reese's argument that the holding in *Dorsey v. United States*, 567 U.S. ___, 132 S. Ct. 2321, 2340, 183 L. Ed. 2d 250 (2012), mandates that criminal defendants are always entitled to the benefit of ameliorative sentencing schemes. Reese reads too much into *Dorsey*. It specifically dealt with the federal Fair Sentencing Act and Congress' intent to apply that Act's provisions to any offender sentenced after the Act's effective date, regardless of the offender's conviction date. While the decision might well provide us with an excellent example of how to apply our own rule of lenity, it does not compel the result that Reese contends.

Finally, we respond briefly to the panel's determination that there is no law supporting Reese's argument that he should be entitled to the benefit of the ameliorative amendment. A principle that is collaterally related to that argument is the rule of lenity, which directs us to interpret ambiguous or silent statutes in a manner that favors the accused, so long as the interpretation is reasonable. "If . . . there are two reasonable and sensible interpretations of a criminal statute, the rule of lenity requires the court to interpret its meaning in favor of the accused." *Coman*, 294 Kan. at 97. Arguably, there is only one reasonable interpretation of K.S.A. 2011 Supp. 8-1567(j)(3), but even if the language and historical context could support the Court of Appeals' interpretation, it would not comport with the rule of lenity. But *cf. Williams*, 291 Kan. at 559-62 (selecting an interpretation alternative that disfavored the accused).

In conclusion, we find that K.S.A. 2011 Supp. 8-1567(j)(3) provides that the sentencing court is to take into account prior DUI convictions occurring during the limited look-back period and determine at the time of sentencing whether the current conviction

is a first, second, third, fourth, or subsequent offense for purposes of imposing a sentence enhancement. Accordingly, a prospective application of the amended statute would be to apply its provisions to every DUI sentencing that occurs on or after July 1, 2011, the statute's effective date. Consequently, we reverse the Court of Appeals and the district court, vacate the sentence imposed, and remand with directions to resentence Reese in conformance with K.S.A. 2011 Supp. 8-1567(j)(3).

MORITZ, J., not participating.