NOT DESIGNATED FOR PUBLICATION

No. 114,013

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

CHARLES ROBERT CLINE,
*Appellant*.

MEMORANDUM OPINION

Appeal from Saline District Court; JARED B. JOHNSON, judge. Opinion filed July 1, 2016. Affirmed.

*Julie McKenna*, of McKenna Law Office, P.A., of Salina, for appellant.

*Amy E. Norton*, assistant county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before MALONE, C.J., GREEN and GARDNER, JJ.

*Per Curiam*:  Charles Robert Cline appeals his sentence following his conviction of driving under the influence (DUI). He argues that the district court abused its discretion by imposing a sentence in excess of the statutory minimum. Finding no error, we affirm the district court's judgment.

On September 12, 2011, Cline pled guilty to one count of DUI and one count of driving with a defective taillight. The presentence investigation report disclosed a 2005 Kansas DUI conviction and a 1996 Colorado DUI conviction. At the sentencing hearing on March 20, 2012, Cline objected to the district court counting his 1996 Colorado DUI

1

conviction for sentencing purposes. The district court overruled Cline's objection and classified the current conviction as his third offense. The district court sentenced Cline to 12 months in jail and granted him a 12-month probation term after he served 90 days in jail. Cline appealed his sentence and posted an appeal bond. This court affirmed Cline's sentence in *State v. Cline*, No. 108,449, 2014 WL 1887619 (Kan. App. 2014) (unpublished opinion). On April 29, 2015, we issued a mandate to enforce the sentence.

On June 1, 2015, Cline filed a motion to correct sentence. In the motion, Cline argued that his 1996 Colorado DUI conviction could not count as a prior conviction because it occurred prior to July 1, 2001, and he was convicted of his current offense after July 2011. The district court held a second sentencing hearing on June 8, 2015. At the hearing, the State conceded that under *State v. Reese*, 300 Kan. 650, 333 P.3d 149 (2014), Cline should be sentenced for the DUI as a second offense.

The district court resentenced Cline to 12 months in jail but suspended the sentence and granted Cline a 12-month supervised probation term. The State asked the court to order Cline to serve 90 days in jail prior to being placed on probation, and Cline requested that he only be required to serve the minimum 5 days in jail prior to being placed on probation. The district court split the difference and ordered Cline to serve 30 days in jail prior to being released on probation. Cline filed a timely notice of appeal of his resentencing and again posted an appeal bond.

On appeal, Cline argues that the district court abused its discretion when it resentenced him. Specifically, Cline argues that the district court abused its discretion because it imposed the maximum 12-month underlying sentence and imposed 30 days in jail prior to receiving probation as opposed to the statutory minimum of 5 days in jail. The State responds that Cline received a legally appropriate sentence and the 30-day jail term before being placed on probation was not an abuse of discretion.

2

Cline was convicted of DUI, a nongrid offense. An appellate court reviews the sentence for a nongrid offense under pre-Kansas Sentencing Guidelines Act standards. *State v. Landa*, No. 100,116, 2009 WL 2371015, at *6 (Kan. App. 2009) (unpublished opinion). Under these standards, a sentence that is within the statutory parameters will not be reversed unless it was the result of partiality, prejudice, oppression, corrupt motive, or was an abuse of discretion. 2009 WL 2371015, at *6. "A district court abuses its discretion if its judgment is so arbitrary that no reasonable person would agree with it or if its ruling is based on an error of law or fact." *State v. Parker*, 48 Kan. App. 2d 68, 282 P.3d 643 (2012). The party alleging an abuse of discretion bears the burden of proving the abuse. *State v. Rojas-Marceleno*, 295 Kan. 525, 531, 285 P.3d 361 (2012).

On a second conviction of DUI, the defendant shall be sentenced to not less than 90 days nor more than 1 year of imprisonment and shall serve at least 5 consecutive days of imprisonment before probation may be granted. K.S.A. 2015 Supp. 8-1567(b)(1)(B). Cline's 12-month underlying sentence is within the statutory parameters. On appeal, Cline does not advance any argument for why the 12-month underlying sentence was an abuse of discretion. An issue not briefed by the appellant is deemed waived and abandoned. *State v. Boleyn*, 297 Kan. 610, 633, 303 P.3d 680 (2013).

Cline's brief focuses on the 30-day jail sentence he is required to serve before being eligible for probation. In ordering that Cline serve 30 days in jail, as opposed to the statutory minimum of 5 days, the district court noted that the offense was Cline's third lifetime DUI conviction even though it was only his second conviction in the last 10 years. Cline fails to establish how this order constituted an abuse of discretion. It was not unreasonable for the district court to sentence Cline to 30 days in jail rather than 5 days because this was his third lifetime DUI conviction. Thus, we conclude that the district court did not abuse its discretion when it resentenced Cline.

Affirmed.