NOT DESIGNATED FOR PUBLICATION

No. 114,243

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

AARON KALMER,
*Appellant*.

MEMORANDUM OPINION

Appeal from Johnson District Court; JAMES E. PHELAN, judge. Opinion filed October 28, 2016. Affirmed.

*Catherine A. Zigtema*, of Zigtema Law Office LC, of Shawnee, for appellant.

*Steven J. Obermeier*, senior deputy district attorney, *Stephen M. Howe*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before BUSER, P.J., ATCHESON and POWELL, JJ.

*Per Curiam*:  After a bench trial, Aaron Kalmer was convicted of criminal destruction of property, a class B misdemeanor. Kalmer appeals his conviction arguing, for the first time, that his statutory right to a jury trial was violated. Because we find that Kalmer did not request a jury trial as required by statute, he was not improperly denied his right to a jury trial and, therefore, we affirm.

1

FACTUAL AND PROCEDURAL BACKGROUND

The State charged Kalmer with one count of criminal damage to property, a class B misdemeanor, with a request for domestic violence findings. This charge stemmed from events that occurred on the night of August 20, 2014, between Kalmer and his then-fiancée. The matter proceeded to a bench trial on November 6, 2014, and at no time did Kalmer or his attorney make a request for a jury trial. The district court found Kalmer guilty as charged and sentenced him to 90 days in the county jail but placed him on probation for a period of 12 months.

On appeal, and for the first time, Kalmer argues the district court denied him his statutory right to a jury trial. The State argues that because he did not raise the issue below, he cannot raise it now. It is well established that when an issue is not raised below, as is the case here, "there must be an explanation why the issue is properly before the court." Supreme Court Rule 6.02(a)(5) (2015 Kan. Ct. R. Annot. 41). Kalmer asserts one of the exceptions to this rule, arguing that "consideration of the theory is necessary to serve the ends of justice or to prevent the denial of fundamental rights." See *State v. Phillips*, 299 Kan. 479, 493, 325 P.3d 1095 (2014). While we recognize the many good arguments raised by the State as to why Kalmer has not properly preserved this issue on appeal, we choose to address the merits because even if Kalmer did properly preserve this issue, his claim lacks merit.

Kalmer argues that K.S.A. 22-3404, the statute granting him a statutory right to a jury trial for a class B misdemeanor upon his request, must be read in conjunction with K.S.A. 22-3403, the statute granting a trial to defendants charged with a felony. As resolution of this issue requires the interpretation of K.S.A. 22-3404, it is a question of law over which we exercise unlimited review. *State v. Collins*, 303 Kan. 472, 473-74, 362 P.3d 1098 (2015).

The relevant portion of K.S.A. 22-3404 provides:

"(1) The trial of misdemeanor cases shall be to the court unless a jury trial is requested in writing by the defendant not later than seven days after first notice of trial assignment is given to the defendant or such defendant's counsel. . . .

. . . .

"(4) Except as otherwise provided by law, the rules and procedures applicable to jury trials in felony cases shall apply to jury trials in misdemeanor cases."

While recognizing that another panel of this court has held "[t]he right granted by statute is limited by the requirement that the defendant timely request it," *State v. Woolverton*, 52 Kan. App. 2d 700, 706, 371 P.3d 941, *petition for rev. filed* May 31, 2016, Kalmer argues that the *Woolverton* court failed to examine subsection (4) of K.S.A. 22-3404.

"The most fundamental rule of statutory construction is that the intent of the legislature governs if that intent can be ascertained." *State v. Reese*, 300 Kan. 650, 653, 333 P.3d 149 (2014). We must ""'first attempt to ascertain legislative intent through the statutory language enacted, giving common words their ordinary meanings. [Citation omitted.] When a statute is plain and unambiguous, [we should] not speculate as to the legislative intent behind it and will not read into the statute something not readily found in it."'" *State v. Barlow*, 303 Kan. 804, 813, 368 P.3d 331 (2016) (quoting *State v. Keel*, 302 Kan. 560, 572, 357 P.3d 251 [2015]).

K.S.A. 22-3404(4) clearly states: "*Except as otherwise provided by law*, the rules and procedures applicable to jury trials in felony cases shall apply to jury trials in misdemeanor cases." (Emphasis added.) K.S.A. 22-3404(1) provides that exception by unambiguously stating that a jury trial in a misdemeanor case must be requested by a defendant or his or her counsel in writing. Reading these subsections in conjunction with one another, it is clear the legislature requires a defendant in a misdemeanor to request a

3

jury trial, and, if such a request is made, then the rules and procedures applicable to felony jury trials apply. Here, Kalmer made no such request; therefore, Kalmer was not denied his statutory right to a jury trial.

Affirmed.