NOT DESIGNATED FOR PUBLICATION

No. 120,912

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

CECIL CLAYTON JR,
*Appellant*.


MEMORANDUM OPINION

Appeal from Shawnee District Court; DAVID DEBENHAM, judge. Opinion filed April 24, 2020. Affirmed.

*Jennifer C. Roth*, of Kansas Appellate Defender Office, for appellant.

*Kurtis Wiard*, assistant solicitor general, and *Derek Schmidt*, attorney general, for appellee.

Before HILL, P.J., BUSER and BRUNS, JJ.

PER CURIAM: Cecil Clayton Jr. appeals his sentence following his sixth conviction for driving under the influence (DUI). After pleading guilty in accordance with a plea agreement, Clayton was sentenced to serve 90 days of a 12-month jail sentence before being placed on supervised probation. On appeal, Clayton contends the district court should have granted his request to serve the 90 days on house arrest. Upon our review, we find the district court did not abuse its discretion by denying Clayton's request for house arrest. Accordingly, we affirm Clayton's sentence.

1

Following an automobile accident in April 2017, a grand jury indicted Clayton for felony DUI in violation of K.S.A. 2016 Supp. 8-1567(b)(1)(D), circumvention of an ignition interlock device, and driving while suspended. In keeping with the plea agreement, Clayton pled guilty to felony DUI and the State dismissed the other two charges. A presentencing investigation report revealed that Clayton had a criminal history score of A. Clayton's criminal history included five prior DUI convictions and six person felonies.

At sentencing, both parties recommended that Clayton serve 48 hours in jail and 90 days on house arrest with an underlying sentence of 9 months in jail. Upon completion of house arrest, Clayton was to be released on a 12-month supervised probation.

The district court, however, did not follow the plea agreement. Instead, the district court sentenced Clayton to serve 90 days in jail before being placed on supervised probation for 12 months with an underlying 12-month jail sentence. The district court ordered that Clayton was eligible for work release after serving 48 hours in jail.

In denying Clayton's request for house arrest, the district court noted his extensive criminal history, which included serious offenses and five prior DUI convictions. The district court determined that house arrest was inappropriate because of Clayton's prior convictions.

Clayton appeals.

ANALYSIS

On appeal, Clayton contends the district court erred by requiring him to serve 90 days in jail instead of house arrest.

Kansas law and our standards of review provide that a nongrid sentence imposed within the statutory guidelines will not be reversed absent an abuse of discretion. See *State v. Brown*, 309 Kan. 369, 375, 435 P.3d 546 (2019). A judicial action constitutes an abuse of discretion if (1) no reasonable person could take the view of the district court; (2) the action is based on an error of law; or (3) the action is based on an error of fact. *State v. Ingham*, 308 Kan. 1466, 1469, 430 P.3d 931 (2018). As the party asserting the district court abused its discretion, Clayton bears the burden of showing such abuse. See *State v. Thomas*, 307 Kan. 733, 739, 415 P.3d 430 (2018).

On appeal, Clayton does not argue that the district court made a factual or legal error. As a result, Clayton must show that no reasonable person would have agreed with the district court's decision.

The district court sentenced Clayton under K.S.A. 2016 Supp. 8-1567(b)(1)(D), which provides that the court must sentence an offender "to not less than 90 days nor more than one year's imprisonment." An offender is not eligible for release on probation until he or she has served at least 90 days of imprisonment. The 90 days of imprisonment, however, may be served in a work release program. A district court also has the discretion to place an offender on house arrest to serve the 90-day requirement. K.S.A. 2016 Supp. 8-1567(b)(1)(D).

The statute governing Kansas DUI law is a self-contained criminal statute, meaning that the essential components of the crime—including applicable sentences—are included in the statute. *State v. Reese*, 300 Kan. 650, 654, 333 P.3d 149 (2014).

Additionally, K.S.A. 2016 Supp. 8-1567 is considered a habitual criminal statute because it imposes progressively enhanced sentences for repeat offenders such as Clayton. The philosophy behind such a statute is that "where a less severe penalty has failed to deter an offender from repeating a violation of the same law, a more severe penalty is justified to serve as an object lesson that hopefully will cause the offender to accomplish his or her reformation." 300 Kan. at 654.

Clayton claims that the agreed-upon disposition of house arrest was appropriate, and the district court abused its discretion by refusing to follow the plea agreement. But contrary to Clayton's argument, a district court is not bound by the parties' sentencing recommendations and does not abuse its discretion merely by imposing a harsher sentence than one agreed upon by the parties. *State v. Mosher*, 299 Kan. 1, 2-4, 319 P.3d 1253 (2014).

A reasonable person could agree with the district court's decision to deny Clayton's request for house arrest in lieu of jail time. Clayton has a criminal history score of A—the highest possible score—and this is his sixth DUI conviction. Notably, we have upheld a district court's refusal to grant house arrest under similar circumstances. *State v. Castillo*, No. 112,485, 2015 WL 6455509, at *2-3 (Kan. App. 2015) (unpublished opinion) (upholding refusal to grant work release or house arrest when defendant had four previous DUI convictions and two convictions for escaping custody).

The district court reasonably determined that jail time was appropriate since Clayton had not been deterred from violating Kansas' DUI laws. Additionally, the district court appropriately considered Clayton's other serious offenses when denying his request for house arrest. See K.S.A. 2019 Supp. 8-1567(i)(1) ("Nothing in this provision shall be construed as preventing any court from considering any convictions or diversions occurring during the person's lifetime in determining the sentence to be imposed . . . .").

4

We, therefore, hold that the district court did not abuse its discretion by denying Clayton's request to serve 90 days of his 12-month jail sentence on house arrest.

Affirmed.