NOT DESIGNATED FOR PUBLICATION

No. 123,452

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

SHANE W. SMITH,
*Appellant*.

MEMORANDUM OPINION

Appeal from Reno District Court; TIMOTHY J. CHAMBERS, judge. Opinion filed October 8, 2021. Affirmed.

*Carol Longenecker Schmidt*, of Kansas Appellate Defender Office, for appellant.

*Sierra M. Logan*, assistant district attorney, *Thomas Stanton*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before GARDNER, P.J., HILL and HURST, JJ.

PER CURIAM: The State charged Shane W. Smith with several offenses, including felony driving under the influence (DUI) as a fourth or subsequent offense, related to an incident on April 21, 2020. Smith entered into a favorable plea agreement with the State to serve the statutory minimum imprisonment, but the district court declined to follow it and instead sentenced Smith to the statutory maximum imprisonment. On appeal, Smith argues the district court abused its discretion by refusing to follow the plea agreement. This court disagrees with Smith. The district court did not abuse its discretion in

1

sentencing Smith, who has an extensive history of repeated DUI convictions, to the maximum imprisonment term.

## FACTUAL AND PROCEDURAL BACKGROUND

The State charged Smith with:

- felony driving under the influence, a fourth or subsequent offense;
- misdemeanor illegal transportation of liquor;
- misdemeanor driving while suspended, a third or subsequent offense; and
- misdemeanor illegal display of a vehicle tag.

All charges are related to the same incident in April 2020. Luckily for Smith, the State agreed to drop every charge other than the felony DUI, a fourth or subsequent offense, in exchange for his guilty plea to that charge. As part of his plea agreement, the State agreed to recommend the minimum sentence of 90 days' imprisonment, 12 months' probation, and a fine of $2,500. In June 2020 Smith pleaded guilty to the felony DUI and the district court released him on bond awaiting sentencing.

At the June plea hearing, the district court made Smith aware of all of his rights, and reminded him that the court was not bound by the plea agreement. The district court explained that it must "render a sentence that it feels is fair and just," regardless of the plea agreement. Smith acknowledged understanding of his rights and the district court's responsibilities.

Smith appeared for sentencing in October 2020 where the parties agreed to his criminal history score of H. At sentencing, the State recommended Smith serve the statutory minimum of 90 days' imprisonment and receive 12 months' probation, along with all associated fines and fees. Smith's attorney requested that the court follow the plea

agreement as outlined by the State. The district court refused to follow the plea agreement and instead sentenced Smith to 12 months' imprisonment with the possibility of work release if it became available. Smith appeals his sentence, claiming the district court abused its discretion.

DISCUSSION

*The issue is properly preserved*

The State contends that Smith failed to object to the district court's sentencing decision and thus failed to preserve the issue. The State relies on a distinguishable case where the defendant agreed to the State's interpretation of the plea agreement and the district court imposed the plea agreement sentence as requested by both parties, but the defendant later argued on appeal that he did not agree with the State's interpretation and the State violated the plea agreement. *State v. Godfrey*, 301 Kan 1041, 1042-43, 350 P.3d 1068 (2015). Unlike the defendant in *Godfrey*, Smith did not agree to the sentence imposed by the district court. Rather, Smith requested a sentence consistent with the plea agreement and the State's recommendation—but the district court refused. Smith opposed the district court's sentence, and the district court was aware of this opposition. Smith's further and additional objection was unnecessary.

*The district court did not abuse its discretion*

This court reviews a district court's sentencing decision in cases not governed by the Kansas Sentencing Guidelines Act (KSGA) for an abuse of discretion. The district court abuses its discretion when no reasonable person would make the same sentencing decision or when the court's action stems from an error of law or of fact. *State v. Mosher*, 299 Kan. 1, 3, 319 P.3d 1253 (2014). Smith argues the district court's decision to not

3

follow the plea agreement was unreasonable because the harsher sentence would not prevent Smith's recidivism.

The self-contained DUI statute, not the KSGA, governs sentencing for DUI offenses. *State v. Reese*, 300 Kan. 650, 654-55, 333 P.3d 149 (2014); see K.S.A. 2020 Supp. 8-1567 (the DUI statute). The DUI statute contains the elements of the various DUI offenses and all sentencing requirements and ranges, including the minimum and maximum sentencing ranges. See K.S.A. 2020 Supp. 8-1567. A fourth or subsequent DUI conviction carries a sentence of not less than 90 days' and not more than 12 months' imprisonment and a $2,500 fine. K.S.A. 2020 Supp. 8-1567(b)(1)(E). In the case of a fourth or subsequent DUI conviction, the DUI statute also permits work release after at least 72 hours' imprisonment. K.S.A. 2020 Supp. 8-1567(b)(1)(E).

DUI offenders often enter into plea agreements that propose lesser sentences than those contained in the DUI statute. However, as Smith learned, the district court is not required to honor those plea agreements. *Mosher*, 299 Kan. at 2-3. The State and defendant both "assume the risk the sentencing court will impose a sentence different than the sentence recommended as part of the plea agreement." 299 Kan. at 2. The district court's imposition of a harsher sentence than agreed upon in a plea agreement, but still within the DUI statute sentencing range, does not establish a presumed abuse of discretion. See 299 Kan. at 2-4 (finding no abuse of discretion from district court's consecutive sentencing decision); see also *State v. Clayton*, No. 120,912, 2020 WL 1969417, at *2 (Kan. App. 2020) (unpublished opinion) (finding no abuse of discretion when the district court refused to follow the plea agreement in a DUI sentencing).

Contrary to the plea agreement, the district court sentenced Smith to the statutory maximum of 12 months' imprisonment. It is difficult to see how this sentence could be so arbitrary that "no reasonable person would have taken the view adopted by the court," when it is statutorily permissible. Many people, including the Legislature, believe 12

months' imprisonment for a fourth, fifth, or sixth DUI conviction is reasonable. The DUI statute imposes increasingly severe sentences to repeat offenders intending to deter repeat violations. See K.S.A. 2020 Supp. 8-1567(b)(1); see also *Reese*, 300 Kan. at 654 ("[W]here a less severe penalty has failed to deter an offender . . . a more severe penalty is justified to serve as an object lesson that hopefully will cause the offender to accomplish his or her reformation.").

The district court's reasoning for not following the plea agreement is consistent with the DUI statute. The district court explained that if Smith only received probation, he could pose a greater danger to the community: "[S]omeone who's had his sixth DUI within a period of 2 years and is .247 passed out poses a severe danger to the community." The court further explained that it believed Mr. Smith had an alcohol use problem and "that many DUIs in that short of period of time requires a sufficient punishment." Unfortunately, Smith's convictions for his first, second, third, and subsequent DUIs did not prevent his continued alcohol abuse while operating a vehicle. Given Smith's extensive DUI conviction history, the district court acted reasonably in refusing to follow the plea agreement. The court's imposition of a longer imprisonment sentence than the plea agreement—but still within the DUI statute sentencing requirements—in an attempt to prevent Smith from harming himself or others is not an abuse of discretion.

Affirmed.