NOT DESIGNATED FOR PUBLICATION

No. 128,052

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

LOGAN EVERETT CAVENDER,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; ERIC WILLIAMS, judge. Submitted without oral argument. Opinion filed February 13, 2026. Affirmed.

*Korey A. Kaul*, of Kansas Appellate Defender Office, for appellant.

*Matt J. Maloney*, assistant district attorney, *Marc Bennett*, district attorney, and *Kris W. Kobach*, attorney general, for appellee.

Before SCHROEDER, P.J., MALONE and GARDNER, JJ.

PER CURIAM: Logan Everett Cavender timely appeals from his nongrid sentences for 10 counts of animal cruelty, arguing the district court erred in ordering him to serve consecutive 12-month jail sentences for each count. He asserts his sentences are contrary to the double rule mandated by K.S.A. 2021 Supp. 21-6819(b)(4) (defendant's total sentence in a multiple convictions case cannot exceed twice the base sentence) under the revised Kansas Sentencing Guidelines Act (KSGA), K.S.A. 21-6801 et seq. We disagree. Cavender's sentences are all for nongrid offenses; thus, K.S.A. 2021 Supp. 21-6819(b)(4) does not apply. Accordingly, we affirm.

1

A detailed statement of the facts surrounding Cavender's convictions is not necessary for the issues raised in this appeal. Based on negotiations, Cavender pled guilty to 10 counts of animal cruelty for crimes committed in January 2022 under K.S.A. 2021 Supp. 21-6412(a)(1)—all nongrid felonies. At sentencing, the district court rejected Cavender's argument that the double rule of K.S.A. 2021 Supp. 21-6819(b)(4) applied and imposed consecutive 12-month jail sentences for each count, for a total controlling sentence of 10 years in jail.

## DISCUSSION

The sole issue before us is whether the double rule of K.S.A. 21-6819(b)(4) applies to nongrid sentences under the KSGA. Cavender argues the district court improperly ordered him to serve a sentence in excess of twice the base sentence contrary to K.S.A. 21-6819(b)(4). He asserts this provision also applies to nongrid sentences under the KSGA. The State argues the double rule only applies to sentences where the sentence for the primary count is determined by the KSGA sentencing grid.

Here, Cavender is challenging the legality of his sentences, which is a question of law subject to unlimited review. To resolve this question, we must engage in statutory interpretation, which is likewise a question of law subject to unlimited review. *State v. Daniels*, 319 Kan. 340, 342, 554 P.3d 629 (2024). The most fundamental rule of statutory construction is that the intent of the Legislature governs if that intent can be ascertained.

> "An appellate court must first attempt to ascertain legislative intent through the statutory language enacted, giving common words their ordinary meanings. When a statute is plain and unambiguous, an appellate court should not speculate about the legislative intent behind that clear language, and it should refrain from reading something into the statute

that is not readily found in its words." *State v. Keys*, 315 Kan. 690, 698, 510 P.3d 706 (2022).

Where there is no ambiguity, we need not resort to statutory construction. Only if the statute's language or text is unclear or ambiguous do we use canons of construction or legislative history to construe the Legislature's intent. *State v. Betts*, 316 Kan. 191, 198, 514 P.3d 341 (2022). When construing statutes to determine legislative intent, appellate courts must consider various provisions of an act *in pari materia* to reconcile and "bring various provisions . . . into workable harmony, if possible." *State v. Strong*, 317 Kan. 197, 203, 527 P.3d 548 (2023). We must construe statutes to avoid unreasonable or absurd results, and we "presume the Legislature does not intend to enact meaningless legislation." *State v. Gomez*, 320 Kan. 3, 15, 561 P.3d 908 (2025).

Cavender's argument is unpersuasive in light of the plain language of K.S.A. 2021 Supp. 21-6412(a)(1) and (b)(1) and K.S.A. 21-6819(b)(2), (b)(3), and (b)(4). Cavender's convictions in violation of K.S.A. 2021 Supp. 21-6412(a)(1) are defined as nonperson felonies under K.S.A. 2021 Supp. 21-6412(b)(1). The sentence for these crimes is also set forth in subsection (b)(1): "not less than 30 days or more than one year's imprisonment and be fined not less than $500 nor more than $5,000." The State correctly notes this is a self-contained sentencing provision. That is, "all essential components of the crime, including the elements, severity levels, and applicable sentences, are included within the statute." *State v. Reese*, 300 Kan. 650, 654, 333 P.3d 149 (2014). In other words, the sentence for a conviction under K.S.A. 2021 Supp. 21-6412 is not based on the KSGA nondrug sentencing grid under K.S.A. 2021 Supp. 21-6804(a). Accordingly, we agree with the State that K.S.A. 21-6819(b)(4) does not apply to Cavender's sentences.

Under the KSGA, in cases involving multiple convictions: "The sentencing judge shall establish a base sentence for the primary crime. The primary crime is the crime with the highest crime severity ranking." K.S.A. 21-6819(b)(2). This "base sentence is set

using the total criminal history score assigned." K.S.A. 21-6819(b)(3). The double rule, as set forth in K.S.A. 21-6819(b)(4), provides, in relevant part: "The total prison sentence imposed in a case involving multiple convictions arising from multiple counts within an information, complaint or indictment cannot exceed twice the base sentence."

However, as we have noted, K.S.A. 2021 Supp. 21-6412 is a self-contained sentencing statute not subject to the KSGA. We are persuaded by the State's reliance on *Reese*, 300 Kan. at 654, wherein our Supreme Court concluded the specific sentencing provisions for DUI offenses do not fall under the general sentencing rules of the KSGA. Likewise, we find *State v. Louis*, 305 Kan. 453, 468, 384 P.3d 1 (2016), instructive, wherein our Supreme Court concluded off-grid offenses were not subject to the double rule of K.S.A. 2011 Supp. 21-6819(b)(4). We apply the rationales in *Reese* and *Louis* to Cavender's nongrid convictions.

Here, Cavender was convicted under K.S.A. 2021 Supp. 21-6412(a)(1), which does not have a severity level, and the sentence is not dependent on the offender's criminal history. See K.S.A. 2021 Supp. 21-6412(b)(1). Thus, a conviction under K.S.A. 2021 Supp. 21-6412(a)(1) cannot serve as a base sentence in a multiple convictions case. The double rule of K.S.A. 21-6819(b)(4) refers to the base sentence; thus, it does not apply to a sentence for a crime that, by definition, cannot serve as a base sentence. Given that all of Cavender's convictions are for the same crime, there is no conviction here to which K.S.A. 2021 Supp. 21-6819(b)(4) can apply. Thus, when we apply the plain language of K.S.A. 2021 Supp. 21-6819(b)(2), (b)(3), and (b)(4), Cavender's argument fails.

Given the plain language of the statute, we need not delve further into statutory interpretation. However, were we to do so, we would have to follow the presumption that our Legislature does not intend to enact meaningless legislation or enact statutes leading to unreasonable or absurd results. *Gomez*, 320 Kan. at 15. We cannot find our Legislature

4

intended to enact a sentencing provision wherein an offender could commit multiple criminal acts of animal cruelty not defined within the KSGA and then be limited to a maximum sentence of twice the most severe crime. Accordingly, we reject Cavender's argument—the double rule in K.S.A. 2021 Supp. 21-6819(b)(4) applies to nongrid sentences—as inconsistent with the Legislature's apparent intent in crafting K.S.A. 21-6412(a)(1) and (b)(1) as a nongrid felony with a self-contained sentencing provision.

Affirmed.