NOT DESIGNATED FOR PUBLICATION

Nos. 128,339
128,340
128,341

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

RANDALL POWELL ABELL,
*Appellant*.

MEMORANDUM OPINION

Appeal from Saline District Court; JARED B. JOHNSON, judge. Submitted without oral argument. Opinion filed March 13, 2026. Convictions affirmed, sentences vacated in part, and cases remanded with directions.

*Sam Schirer*, of Kansas Appellate Defender Office, for appellant.

*Ethan C. Zipf-Sigler*, assistant solicitor general, and *Kris W. Kobach*, attorney general, for appellee.

Before ARNOLD-BURGER, P.J., BRUNS and SCHROEDER, JJ.

PER CURIAM:  During a three-month period in the summer of 2022, Randall Powell Abell was charged with driving under the influence (DUI) in three separate cases: case No. 22CR565 (Case 1), case No. 22CR603 (Case 2), and case No. 22CR667 (Case 3). Now, in this consolidated appeal of his three cases, Abell timely appeals from his convictions and sentences for three counts of felony DUI. Abell argues (1) The State's failure to present and prove the existence of his prior DUI convictions to a jury violated

1

his right to a jury trial under the United States and Kansas Constitutions; (2) the district court erred in imposing fines at sentencing for Abell's convictions in Case 2 and Case 3; and (3) the district court erred in noting Abell was not entitled to duplicate jail credit toward his sentence in Case 3.

Following our review, we find his challenge to the use of his prior DUI convictions to determine his sentence in each case was not preserved, and we decline to address it. We agree with Abell that the manner in which the fines were imposed from the bench in Case 2 and Case 3 was improper and ambiguous, and those fines must be vacated. We also agree with Abell that he is entitled to additional jail credit in Case 3 under *State v. Ervin*, 320 Kan. 287, 566 P.3d 481 (2025).

We affirm his convictions in all three cases, vacate only the fines imposed in Case 2 and Case 3, and remand for resentencing in those two cases for the appropriate fines in compliance with K.S.A. 21-6611(a)(3), and for the district court to determine the amount of additional jail credit Abell is entitled to in Case 3.

FACTUAL AND PROCEDURAL BACKGROUND

The specific facts underlying Abell's convictions in each of the three cases giving rise to this consolidated appeal are largely irrelevant to the issues he seeks us to review. Pertinent here, Abell was charged with, among other offenses, one count of DUI in three separate cases for acts committed on June 23, 2022, July 14, 2022, and August 1, 2022, respectively. The district court held preliminary hearings in each case at which the State presented evidence—without objection—that Abell had two prior Kansas DUI convictions, which resulted in him being bound over for trial in each case for felony DUI.

In three separate trials, juries convicted Abell of DUI. The juries were not asked to determine whether and when Abell had any prior DUI convictions. The district court held a consolidated sentencing hearing at which it was presented with and reviewed a presentence investigation (PSI) report. The PSI report reflected Abell was previously convicted of DUI under K.S.A. 8-1567 in May 2013 and February 2019. Abell admitted his criminal history as set forth was accurate.

Based on this criminal history, the district court sentenced Abell for felony DUI under K.S.A. 2021 Supp. 8-1567(b)(1)(D) in Case 1 and felony DUI under K.S.A. 8-1567(b)(1)(D) in Cases 2 and 3. The district court imposed consecutive sentences of 30 months' imprisonment in both Case 2 and Case 3, with a concurrent 12-month jail sentence in Case 1, for a total controlling sentence of 60 months' imprisonment. The district court also ordered Abell to pay a $1,750 fine in Case 1 and a total fine of $3,700 in Cases 2 and 3. Additional facts are set forth as necessary.

ANALYSIS

*We Decline to Review Abell's Unpreserved Criminal History Challenge*

Abell challenges the district court's use of his criminal history to enhance his sentence in each of his three cases when it classified all three convictions as felony DUIs at the time of sentencing. Specifically, he asserts the existence and dates of his prior DUI convictions were not proven to a jury; thus, his sentences were imposed in violation of *Apprendi v. New Jersey*, 530 U.S. 466, 477-78, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000). He further asserts that the use of his criminal history to impose his sentence violates his right to a jury trial under sections 5 and 10 of the Kansas Constitution Bill of Rights. Abell acknowledges he did not raise this issue below; therefore, we have no obligation to review his claim. See *State v. Rhoiney*, 314 Kan. 497, 500, 501 P.3d 368 (2021).

Abell concedes his claim is generally contrary to controlling precedent from our Supreme Court under *State v. Reese*, 300 Kan. 650, 655-57, 333 P.3d 149 (2014) (prior DUI convictions treated as sentencing enhancements, not elements of offense), and *State v. Albano*, 313 Kan. 638, 657, 487 P.3d 750 (2021) (judicial determination of prior convictions for sentencing purposes does not violate Kansas Constitution). We decline to review this claim as we do not believe it prudent to answer what is effectively an academic point now that our Supreme Court has issued its decision in *State v. Calvert*, 321 Kan. ___, 583 P.3d 169, 171 (2026) (State not required to prove to jury that defendant had two or more prior theft convictions within five years of the date of the current offense in order to establish felony theft). The same reasoning would apply to felony DUI, and we are duty-bound to follow Kansas Supreme Court precedent absent some indication our Supreme Court intends to depart from its prior position. See *State v. Patton*, 315 Kan. 1, 16, 503 P.3d 1022 (2022).

*The District Court Failed to Make the Required Findings to Impose Discretionary Fines*

We agree with Abell's next argument that the district court erred in the way it ordered fines in Case 2 and Case 3. He does not challenge the fine imposed in Case 1, which resulted from his actions on June 23, 2022. His argument is based on the legislative change to K.S.A. 2021 Supp. 8-1567(b)(1)(D)-(E), which became effective on July 1, 2022, and no longer required a mandatory fine to be imposed for felony DUI convictions. See L. 2022, ch. 80, § 14. He claims the district court failed to recognize this change in the law, which it should have applied to his convictions arising from his actions on July 14, 2022, and August 1, 2022. We also agree the fines imposed are ambiguous because the district court failed to state on the record what amount applied specifically to Case 2 and to Case 3.

K.S.A. 8-1567(b)(1)(D)-(E) now provides a fine is no longer mandatory. However, Abell acknowledges, under K.S.A. 21-6611(a)(3), the district court could still impose a discretionary fine for a felony offense. That fine can be up to $100,000. But to do so, the court must make findings on the record that: "(1) The defendant has derived a pecuniary gain from the crime; or (2) the court finds that a fine is adapted to deterrence of the crime involved or to the correction of the offender." K.S.A. 21-6612(b)(1)-(2), (d). The district court must also "[determine] the amount and method of payment of a fine, [taking] into account the financial resources of the defendant and the nature of the burden that its payment will impose." K.S.A. 21-6612(c).

The State agrees the fines ordered in Case 2 and Case 3 totaling $3,700 should be vacated and the matter remanded for resentencing on the fine portion of Abell's sentence in those cases. We agree the fines as imposed are ambiguous as announced from the bench. See K.S.A. 22-3504(c)(1). The district court's subsequent journal entries indicated the fine in Case 2 was $1,750 and the fine in Case 3 was $1,950, but the sentence pronounced from the bench controls. *Abasolo v. State*, 284 Kan. 299, 304, 160 P.3d 471 (2007). And, here, both sentences are ambiguous and unsupported by the necessary findings. Accordingly, we vacate the fines imposed and remand for resentencing.

*The District Court Filed an Erroneous Journal Entry*

In his brief, Abell claims the district court erred when it noted on Case 3's journal entry of sentencing, "Not entitled to duplicate credit." In his reply brief, Abell asserts he was entitled to the full 669 days of jail credit in Case 3 under our Supreme Court's recent decision in *Ervin*, 320 Kan. at 311-12. The State acknowledges we are bound by *Ervin* but nonetheless argues *Ervin* was wrongly decided. Although the State's arguments appear highly persuasive as a matter of common sense, we are duty-bound to follow *Ervin*. See *Patton*, 315 Kan. at 16. The district court is instructed to prepare a new journal

entry upon resentencing reflecting the amount of additional jail credit Abell in entitled to in Case 3.

Convictions affirmed, sentences vacated in part, and cases remanded with directions.