No. 104,651

STATE OF KANSAS, *Appellee*, v. SEAN AARON KEY, *Appellant*.

(312 P.3d 355)

Opinion filed November 8, 2013.

*Michael S. Holland, II*, of Holland and Holland, of Russell, argued the cause and was on the brief for appellant.

*Natalie A. Chalmers*, assistant solicitor general, argued the cause, and *David J. Basgall*, assistant county attorney, and *Derek Schmidt*, attorney general, were on the brief for appellee.

The opinion of the court was delivered by

BEIER, J.: Defendant Sean Aaron Key was charged with driving under the influence of alcohol, a nonperson felony because of his two previous misdemeanor convictions for the same offense. During the felony proceeding, Key challenged the State's reliance on one of his misdemeanor convictions, claiming his attorney in that case had filed a guilty plea without consulting him. The district court judge was unwilling to entertain what he saw as an impermissible collateral attack on the prior conviction. Key entered a guilty or no contest plea to the felony charge.

At sentencing Key again objected to the State's reliance on the earlier misdemeanor conviction, but the district judge overruled

the objection and sentenced Key to the penalty for a felony conviction.

Key appealed. The Court of Appeals issued an order in which it determined that, absent a motion to withdraw plea, it lacked jurisdiction to hear Key's appeal under K.S.A. 22-3602(a). Key filed a petition for review by this court, which we granted.

## FACTUAL AND PROCEDURAL BACKGROUND

In August 2007, Kansas Highway Patrol Trooper Doug Schulte stopped Key after the vehicle Key was driving swerved over the fog line multiple times. Once Schulte reached the vehicle, he smelled alcohol and noticed that Key's eyes were glassy. Key failed several field sobriety tests and a preliminary breath test. Key was arrested for driving under the influence.

Because Key had two prior convictions for driving under the influence of alcohol, the State charged Key with a nonperson felony instead of a misdemeanor. The version of K.S.A. 8-1567 governing this case provided:

"(a) No person shall operate or attempt to operate any vehicle within this state while:

(1) The alcohol concentration in the person's blood or breath as shown by any competent evidence, including other competent evidence, as defined in paragraph (1) of subsection (f) of K.S.A. 8-1013, and amendments thereto, is .08 or more;

(2) the alcohol concentration in the person's blood or breath, as measured within two hours of the time of operating or attempting to operate a vehicle, is .08 or more;

(3) under the influence of alcohol to a degree that renders the person incapable of safely driving a vehicle;

. . . .

"(f)(1) On the third conviction of a violation of this section, a person shall be guilty of a nonperson felony and sentenced to not less than 90 days nor more than one year's imprisonment and fined not less than $1,500 nor more than $2,500." K.S.A. 2007 Supp. 8-1567.

The district court held a preliminary hearing at which Schulte testified, and the State offered evidence of Key's prior convictions. Defense counsel lodged no objection to the admission of the prior convictions but made clear that Key was not stipulating to the convictions' validity. At the conclusion of the hearing, the district court judge bound Key over.

Key then filed a motion to dismiss, arguing that his prior conviction in Case No. 07-CR-03, a misdemeanor DUI conviction from February 2007, was unlawfully obtained. Key alleged that his attorney in 07-CR-03 entered an unauthorized guilty plea on Key's behalf under K.S.A. 22-3210(c), a statute that allows a defendant to appear and plead through counsel. Key requested that the district judge dismiss the felony DUI charge or order the State to amend the complaint to allege only misdemeanor DUI.

In a memorandum decision, the district judge noted that Key had not sought to withdraw his plea in 07-CR-03 and had served and satisfied the sentence from that case. The district judge acknowledged that this court had permitted attacks on previous uncounseled misdemeanor convictions at later sentencings, see, *e.g.*, *State v. Delacruz*, 258 Kan. 129, 137, 899 P.2d 1042 (1995), but the judge did not believe that this precedent controlled Key's situation. The district judge also determined that Key's motion to dismiss was untimely because it was filed 18 days after the expiration of the period for filing such motions under K.S.A. 22-3208(4).

Ultimately, Key entered a plea on the felony charge. Although it is unclear from the record whether he entered a guilty plea or a no contest plea, in this case the distinction between a guilty plea and a no contest plea has no legal significance.

Key's presentence investigation report indicated that he had been convicted of DUI in February 2007 and July 1995. At sentencing, Key again objected to consideration of the 2007 conviction and renewed his arguments from his unsuccessful motion to dismiss. He asked that the report be amended to show the new felony DUI as a misdemeanor. The district judge overruled Key's objection and sentenced him to 1 year in jail. Because the district judge saw a "legitimate issue" for appeal, he suspended Key's sentence pending the appeal's outcome.

In the Court of Appeals, then Chief Judge Greene issued an order to show cause on jurisdiction, which read: "The case law is clear that under K.S.A. 22-3602(a) a defendant may not file a direct appeal from a guilty plea unless the defendant first files a motion to withdraw the plea and the trial court denies the motion." The

order directed Key to show cause why his appeal should not be summarily dismissed for lack of jurisdiction.

In his response to Judge Greene's order, Key argued that K.S.A. 22-3602(f) permitted appeal of his sentence, including the underlying criminal history that drove the severity level, and that he had objected at every opportunity in the district court. Key also argued that "the determination of an individual's criminal history and therefore, the severity level for the conviction of K.S.A. 8-1567, is to be determined at sentencing."

The Court of Appeals did not buy Key's argument. Rather, it viewed Key's appeal as a challenge to the felony nature of the charge, a challenge he could no longer pursue once he had entered his plea. "[Key], by pleading conceded he is at least a 3rd time offender and cannot now back-door a challenge to that plea by a direct challenge to his criminal history score." Absent a motion to withdraw plea, the Court of Appeals dismissed the appeal for lack of jurisdiction.

On petition for review, Key argues that the Court of Appeals erred by failing to reach the merits of his argument. He asserts that his prior conviction was not an element of his new DUI charge, that he never waived his right to challenge it as a sentencing enhancement factor, and that the time for determining the severity level of his third DUI conviction was at sentencing. Key also argues that his attack on 07-CR-03 should succeed.

## DISCUSSION

The existence of subject matter jurisdiction raises questions of law reviewable de novo on appeal. See *State v. Garza*, 295 Kan. 326, 329, 286 P.3d 554 (2012). The same is true of the questions of law raised by statutory interpretation and construction and by interpretation of prior caselaw. See *Garza*, 295 Kan. at 329 (statutory interpretation, construction); *State v. Burnett*, 293 Kan. 840, 847, 270 P.3d 1115 (2012) (interpretation of caselaw).

This case arises at the convergence of K.S.A. 22-3602 and at least three lines of cases.

First, K.S.A. 22-3602(a) provides that a defendant may take an appeal as a matter of right to an appellate court having jurisdiction

from "any judgment against the defendant in the district court and[,] upon appeal[,] any decision of the district court or intermediate order in the progress of the case may be reviewed." It further provides that a defendant may not take an appeal "from a judgment of conviction before a district judge upon a plea of guilty or *nolo contendere*, except that jurisdictional or other grounds going to the legality of the proceedings may be raised by the defendant as provided in K.S.A. 60-1507 and amendments thereto." In addition, the version of K.S.A. 22-3602(f) in effect at the time of Key's plea and sentencing provided that an appeal could be taken by the prosecution or a defendant "relating to sentences imposed pursuant to a presumptive sentencing guidelines system as provided in K.S.A. 21-4701 *et seq*. and amendments thereto" and that such an appeal must comply with "the provisions of K.S.A. 21-4721 and amendments thereto."

Second, under this court's affirmance of the Court of Appeals' decision in *State v. Seems*, 277 Kan. 303, 306, 84 P.3d 606 (2004) (affirming *State v. Seems*, 31 Kan. App. 2d 794, 74 P.3d 55 [2003]), the State must put on evidence of at least two prior misdemeanor DUIs at a preliminary hearing on a felony DUI charge in order to demonstrate probable cause and bind over the defendant. In *Seems*, Monty Seems was charged with one count of felony DUI, and the original complaint listed Seems' two prior conviction dates. When the complaint was amended, the dates were deleted. On appeal, Seems challenged the adequacy of the State's showing of probable cause at his preliminary hearing, and first the Court of Appeals and then this court accepted Seems' argument. See 277 Kan. at 305-06; 31 Kan. App 2d at 797.

Third, this court has also consistently held that a prior DUI is a sentencing enhancement factor for, not an element for trial proof of, K.S.A. 8-1567 DUI. See *State v. Chamberlain*, 280 Kan. 241, Syl. ¶ 6, 120 P.3d 319 (2005) (showing of prior convictions goes only to question of defendant's classification; legislature has declared repeated violations justify enhanced penalty); *State v. Helgeson*, 235 Kan. 534, 536, 680 P.2d 910 (1984) (prior DUI "not a statutory element of the crime under K.S.A. 8-1567, . . . merely bears on the penalty imposed"), *overruled in part on other grounds*

*by State v. Masterson*, 261 Kan. 158, 929 P.2d 127 (1996); see also *State v. Loudermilk*, 221 Kan. 157, 159-60, 557 P.2d 1229 (1976) (previous DUI conviction not element of substantive crime, serves only to enhance punishment). This has been true before and since statutory amendments distinguishing a misdemeanor DUI from a felony DUI. See *State v. Moody*, 282 Kan. 181, 197, 144 P.3d 612 (2006) (prior convictions not elements of DUI); *State v. Larson*, 265 Kan. 160, 164, 958 P.2d 1154 (1998) (same); *Masterson*, 261 Kan. 158, Syl. ¶ 1 (trial proof of prior conviction not necessary to establish guilt of later DUI, but defendant entitled under due process to notice in information, complaint of severity level being charged).

And, fourth, this court has allowed a DUI defendant who has gone to trial to attack the validity of an earlier DUI conviction to prevent it from being used as a sentencing enhancement. See *State v. Elliott*, 281 Kan. 583, Syl. ¶ 6, 133 P.3d 1253 (2006) ("A misdemeanor conviction for DUI may be challenged when it is included in a defendant's criminal history for the purpose of enhancing the sentence for a felony DUI conviction."). Such an attack is permitted if a defendant alleges lack of subject matter jurisdiction in the earlier misdemeanor prosecution. *Elliott*, 281 Kan. at 589. Such an attack also has been permitted via a motion to correct illegal sentence in a non-DUI case when the defendant alleged that he was uncounseled during the earlier prosecution. See *State v. Neal*, 292 Kan. 625, Syl. ¶ 4, 258 P.3d 365 (2011); see also *Delacruz*, 258 Kan. 129, Syl. ¶ 7 (uncounseled misdemeanor on which defendant subject to incarceration cannot be included in criminal history). Key's argument on the merits of his challenge seeks to place him in the company of the defendants in such cases; because the decision on a plea is a fundamental right guaranteed to a criminal defendant, *State v. Bricker*, 292 Kan. 239, 252, 252 P.3d 118 (2011), and the choice of plea rests entirely with the accused, *Thompson v. State*, 293 Kan. 704, 720, 270 P.3d 1089 (2011).

The State argues simply that we must affirm the Court of Appeals under K.S.A. 22-3602(a) because Key's guilty or no contest

plea deprives us of jurisdiction. We agree in part and disagree in part.

Key objected to the use of his 2007 misdemeanor DUI conviction to classify this case as a felony prosecution *before* he entered his plea—both by refusing to stipulate to the validity of that conviction at preliminary hearing and by filing his motion to dismiss. These arguments were designed to force the State to dismiss the case or amend its charge to a misdemeanor. Key attacked the 2007 misdemeanor DUI conviction because of its role in *classifying* Key's new offense.

Key also challenged the use of the 2007 misdemeanor DUI *after* his plea, at sentencing. This argument attacked the 2007 DUI misdemeanor because of its role in *enhancing the sentence* for Key's new offense.

In short, it appears Key and his counsel were mindful of the teachings of our prior decisions. They spoke up at the two times those cases encouraged them to do so in order to preserve the challenge for appeal.

Key's chosen route to the felony conviction between the two points when he and his counsel spoke up, however, dictates the scope of appellate jurisdiction. A guilty or no contest plea surrenders a criminal defendant's right to appeal his or her *conviction* but not his or her *sentence*. See K.S.A. 22-3602(a); *State v. Hall*, 292 Kan. 862, Syl. ¶ 2, 257 P.3d 263 (2011) (guilty plea does not deprive appellate court of jurisdiction to review sentence). An exception to this rule has been recognized when there has been an unsuccessful motion to withdraw plea in district court. See *Hall*, 292 Kan. 862, Syl. ¶ 1. Key filed no such motion. Therefore, his plea eliminated appellate jurisdiction over any claim that the 2007 DUI misdemeanor could not be used to support his felony conviction. Appellate jurisdiction to examine the use of the 2007 case to enhance Key's sentence survives.

At this juncture, it is also important to note that, despite the parties' statements to the contrary, Key's sentencing challenge arises under a self-contained habitual criminal statute, K.S.A. 2007 Supp. 8-1567. See *State v. Osoba*, 234 Kan. 443, 444, 672 P.2d 1098 (1983). It is not a sentencing appeal covered by K.S.A. 22-

3602(f), which deals with appeals from "sentences imposed pursuant to a presumptive sentencing guidelines system as provided in K.S.A. 21-4701 *et seq.* and amendments thereto." Key did not receive a sentence calculated under the Kansas Sentencing Guidelines Act's grid system.

In other words, each side is half right.

The State is correct that Key cannot attack his felony conviction through this appeal. Incidentally, he also cannot erase his 2007 misdemeanor conviction or the sentence he already served as a result of it in this case; such a challenge, if not rendered moot by Key's completion of his sentence for that crime, must come in a motion under K.S.A. 60-1507. However, Key is correct that there is appellate jurisdiction over his challenge to his 1-year sentence on the felony. He is free to pursue his attack on this sentence on the ground that the 2007 misdemeanor conviction, although it will continue to exist, was invalid. Because it was invalid, his argument goes, the district judge erred in using it to support sentencing enhancement to a felony level in this case.

We thus reverse the Court of Appeals' dismissal of Key's appeal and remand this case to it for consideration of the merits of the issues Key's felony sentencing challenge raises: Should the principles underlying our decision in *Elliott, Neal,* and *Delacruz* apply to prevent a judge from sentencing a DUI defendant to a felony sentence when one of the prior DUI misdemeanors needed to enhance the sentence resulted from an unauthorized guilty plea? If so, must this case be remanded to the district court for a factual determination on whether Key's 2007 guilty plea was unauthorized, or has the State already failed to carry its burden of proving Key's criminal history by a preponderance of the evidence, compelling vacation of the felony sentence and remand for resentencing on the felony DUI as a misdemeanor? See *State v. Schow,* 287 Kan. 529, 540, 197 P.3d 825 (2008) (State bears preponderance burden on criminal history at sentencing).

Finally, we close with brief comments on future best practices.

A defendant who intends to challenge the validity of a prior misdemeanor DUI as a *classifying* factor for a DUI felony charge under K.S.A. 8-1567 should challenge the prior misdemeanor at

preliminary hearing, consistent with the holding of *Seems*, 277 Kan. at 305-06, or through a timely motion to dismiss. See *State v. Crank*, 262 Kan. 449, 458, 939 P.2d 890 (1997) (challenge to prior conviction relied on by State to increase severity level properly raised at preliminary hearing); *State v. Floyd*, 218 Kan. 764, 765, 544 P.2d 1380 (1976) (same). If those efforts are unsuccessful, in order to pursue the argument on *classification* on appeal—*i.e.*, that the defendant could be *convicted* only of a misdemeanor and not a felony—the defendant generally must go to trial, even if that trial is conducted only to the bench on stipulated facts.

If the defendant instead enters a guilty or no contest plea and does not file an unsuccessful motion to withdraw it while before the district court, then the jurisdiction of an appellate court will be limited to a review of the sentencing pronounced in the current felony case. Any challenge to inclusion of a prior misdemeanor in the defendant's criminal history for purposes of sentencing enhancement should be preserved for appeal by an objection on the record at sentencing. A successful appellate challenge on that ground will not erase the prior conviction; only a successful motion under K.S.A. 60-1507 can do that. But a successful appellate challenge can lead to vacation of the enhanced felony sentence and resentencing without consideration of the prior, invalid DUI misdemeanor conviction.

The dismissal by the Court of Appeals is reversed, and the case is remanded to the Court of Appeals for consideration of the merits of Key's claim that he should have been sentenced for misdemeanor DUI rather than felony DUI.