NOT DESIGNATED FOR PUBLICATION

No. 117,063

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

DAVID CHAPMAN,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; SETH L. RUNDLE, judge. Opinion filed February 2, 2018. Reversed in part, vacated in part, and remanded with directions.

*Sam Schirer*, of Kansas Appellate Defender Office, for appellant.

*Lance J. Gillett*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before GREEN, P.J., MALONE and ATCHESON, JJ.

PER CURIAM: David Chapman appeals his fine for circumventing an ignition interlock device and his sentence for driving under the influence (DUI). Chapman challenges a $100 fine listed in his journal entry of judgment for circumventing an ignition interlock device even though the trial court failed to orally impose this fine at his sentencing hearing. Since filing his brief, the State has successfully amended the record on appeal to include an amended journal entry where the trial court removed the $100

1

fine. Now, both parties agree that this issue is moot; thus, we need not address this issue any further.

Chapman's second argument concerns the trial court's decision to use his two prior convictions for DUI under Wichita City Ordinance 11.38.150 to enhance his current DUI sentence under K.S.A. 2016 Supp. 8-1567. Primarily relying on this court's recent decision in *State v. Lamone*, 54 Kan. App. 2d 180, 399 P.3d 235 (2017), *petition for rev. filed* July 10, 2017, Chapman argues that the trial court was prohibited from considering those convictions, meaning he must be resentenced without the trial court using or considering those convictions. For reasons explained below, we conclude the trial court improperly used those convictions to enhance his DUI sentence. Consequently, we reverse Chapman's felony conviction, vacate the sentence imposed, and remand to the trial court with directions to resentence Chapman without using or considering his two prior Wichita Municipal Court convictions. Chapman's argument involves solely a question of law based upon proved or admitted facts. Additionally, consideration of his argument is necessary to serve the ends of justice.

The State seemingly argues that Chapman's argument fails because he pled guilty to DUI, which meant that he also pled guilty to the facts as alleged in the complaint. Nevertheless, as noted by our Supreme Court in *State v. Key*, 298 Kan. 315, 321, 312 P.3d 355 (2013), "[a] guilty or no contest plea surrenders a criminal defendant's right to appeal his or her *conviction* but not his or her *sentence*." See K.S.A. 2016 Supp. 22-3602(a). Even following a guilty plea, defendants may still challenge the trial court's use of prior offenses to enhance their current sentence. See *State v. Dickey*, 301 Kan. 1018, 1032-33, 350 P.3d 1054 (2015); *Key*, 298 Kan. at 322-23.

Several panels of this court have already addressed this precise issue. In light of our Supreme Court's opinion in the *City of Wichita v. Hackett*, 275 Kan. 848, 853, 69 P.3d 621 (2003), governing the treatment of DUI convictions under the Wichita

2

municipal code as predicate offenses for enhanced punishment under K.S.A. 8-1567, and the United States Supreme Court's opinions in *Mathis v. United States*, 579 U.S. ___, 136 S. Ct. 2243, 2248, 195 L. Ed. 2d 604 (2016); *Descamps v. United States*, 570 U.S. 254, 133 S. Ct. 2276, 186 L. Ed. 2d 438 (2013); and *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), outlining constitutionally impermissible judicial fact-finding in fashioning punishments for present crimes based on past criminal conduct, the district court violated Chapman's right to jury trial and to due process, protected respectively in the Sixth and Fourteenth Amendments to the United States Constitution. Our Supreme Court has recognized and applied the principles drawn from *Apprendi* and *Descamps* in *Dickey*.

In deciding this case, Judge Atcheson would adhere to the reasoning and result in his opinion in *State v. Mears*, No. 115,278, 2017 WL 1534748 (Kan. App. 2017) (unpublished opinion), *rev. granted* August 30, 2017.

In deciding this case, Judge Green would adhere to the reasoning and result in his majority opinion in *State v. Lamone*, 54 Kan. App. 2d 180.

We, therefore, hold that the trial court impermissibly relied on Chapman's two Wichita municipal convictions in this case. We, therefore, reverse his felony conviction in this case, vacate the sentence imposed, and remand for resentencing using the correct criminal history.

Reversed in part, vacated in part, and remanded with directions.