NOT DESIGNATED FOR PUBLICATION

No. 121,747

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

MARTIN E. REDSTONE,
*Appellant.*

MEMORANDUM OPINION

Appeal from Labette District Court; FRED W. JOHNSON JR., judge. Opinion filed March 12, 2021. Appeal dismissed.

*Edward J. Battitori*, of Law Office of Edward J. Battitori, LLC, of Cherokee, for appellant.

*Mandy Johnson*, deputy county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before HILL, P.J., GARDNER, J. and BURGESS, S.J.

PER CURIAM: Martin Elliot Redstone appeals his conviction for attempted aggravated criminal damage to property and the denial of his motion for dispositional or durational departure. He contends that the State failed to provide a sufficient factual basis for his no contest plea and that he presented enough mitigating circumstances to justify a departure sentence. But we lack jurisdiction to consider Redstone's claims, so we dismiss his appeal.

1

*Factual and Procedural Background*

In October 2017, Deputy Brian Harlow of the Labette County Sheriff's Office responded to a disturbance call involving a firearm. Witnesses said Redstone had fired several rounds of ammunition near or toward someone's home. During the investigation, Harlow located two revolvers and three boxes of ammunition in the front room of Redstone's residence.

The State charged Redstone with attempted first-degree murder, three counts of aggravated assault with a deadly weapon, three counts of aggravated endangering of a child, battery, and possession of paraphernalia. The case was resolved by a plea. Under the plea agreement, the State agreed to amend the charges to two counts of attempted aggravated battery and a single count of attempted aggravated criminal damage. And both parties agreed to recommend a 60-month sentence, based on the Kansas Sentencing Guideline's presumptive grid for Redstone's crimes and criminal history.

Redstone pleaded no contest to the amended charges in August 2018, and in due course, the district court asked the State to establish the factual basis for the plea. Redstone argues the following recitation of facts presented by the State was insufficient to establish a factual basis for his plea:

"Mr. JONES:  Yes, Your Honor, because we don't have the amended complaint yet, I'm going to do my best, but I would—but I think the defendant will stipulate if they —if I miss anything, they will stipulate to any conditions that I may have missed.

"I will try and take it in order. The evidence would show that on October 7 of 2017, Mr. Redstone drove to 1200 24500 Road in Labette County, where he fired from a handgun, and that there were two people present, those being Kylei Lanigan and Morgan Sullivan.

"That happened—let me make sure I'm getting those elements correct. He did that with the intent to cause great bodily harm or disfigurement to the two people that I have named.

"And then with the criminal damage to property, that that home that was originally mentioned was [owned] by Amanda Buske. That there was the intent to damage that property. That damage of property would have been more than $5,000.00. That happened again on the same date in Labette County, and that was done without the permission of the owner.

"THE COURT: All right. And Mr. Redstone, do you challenge any part of the proffered testimony that the State has described just now?

"THE DEFENDANT: No."

The district court accepted the above facts as a sufficient factual basis, found Redstone made his plea knowingly and voluntarily, and accepted his plea of no contest to the amended charges.

Redstone moved for a dispositional departure then amended his motion to request a durational or dispositional departure from his presumptive sentence. But the district court denied Redstone's departure motion and sentenced him to the presumptive sentences for each charge, to run consecutively for a total of 60 months.

Redstone appeals.

*We Lack Jurisdiction to Consider Redstone's Appeal of His Conviction Based on His Plea.*

Redstone styles his argument as a challenge to the district court's imposition of an illegal sentence. A court may consider a claim of illegal sentence pursuant to a plea. *State v. Boswell*, 30 Kan. App. 2d 9, 11, 37 P.3d 40 (2001). But upon closer review, we find

Redstone's argument challenges the validity of his conviction, and we lack jurisdiction to consider a direct appeal of a conviction that stems from a guilty or no contest plea.

Under K.S.A. 2020 Supp. 22-3504(c), a sentence is illegal when: (1) it is imposed by a court without jurisdiction; (2) it does not conform to the applicable statutory provisions, either in character or the term of punishment; or (3) it is ambiguous about the time and manner in which it is to be served at the time it is pronounced. But Redstone does not argue that his sentence falls within any of these definitions.

Instead, Redstone's brief alleges the district court erred by accepting an insufficient factual basis for his no contest plea. That challenge asserts the invalidity of Redstone's conviction. But "K.S.A. 22-3504 is solely a vehicle to correct a sentence. It is not a mechanism to reverse a conviction." *State v. Gilbert*, 299 Kan. 797, 801, 326 P.3d 1060 (2014). And a no contest plea generally waives "all nonjurisdictional defects" including constitutional rights violations. *State v. Edwards*, 281 Kan. 1334, 1341, 135 P.3d 1251 (2006).

The State argues that we lack jurisdiction to consider an appeal from a no contest plea, citing *State v. Hall*, 292 Kan. 862, 866, 257 P.3d 263 (2011). Whether jurisdiction exists is a question of law subject to unlimited review. *State v. Smith*, 304 Kan. 916, 919, 377 P.3d 414 (2016).

Under K.S.A. 2020 Supp. 22-3602(a), we lack jurisdiction to consider a direct appeal of a conviction that stems from a guilty or no contest plea:

> "No appeal shall be taken by the defendant from a judgment of conviction before a
> district judge upon a plea of guilty or nolo contendere, except that jurisdictional or other
> grounds going to the legality of the proceedings may be raised by the defendant as
> provided in K.S.A. 60-1507, and amendments thereto."

Redstone's conviction stems from his no contest plea. Redstone raises no defect in the district court's jurisdiction and brings no K.S.A. 60-1507 motion. So this general rule applies to him. We thus lack jurisdiction to consider Redstone's direct appeal of his conviction that stems from a no contest plea.

The Kansas Supreme Court noted one exception to this general rule in *State v. Key*, 298 Kan. 315, 312 P.3d 355 (2013):

> "A guilty or no contest plea surrenders a criminal defendant's right to appeal his or her conviction but not his or her sentence. See K.S.A. 22-3602(a); *State v. Hall*, 292 Kan. 862, Syl. ¶ 2, 257 P.3d 263 (2011) (guilty plea does not deprive appellate court of jurisdiction to review sentence). An exception to this rule has been recognized when there has been an unsuccessful motion to withdraw plea in district court. See *Hall*, 292 Kan. 862, Syl. ¶ 1." 298 Kan. at 321.

Although Redstone challenges on appeal the factual basis for his plea, he filed no motion to withdraw his plea in district court. He thus does not show he falls within an exception to the general rule that he cannot appeal his conviction. Instead, his plea eliminated appellate jurisdiction over any claim that the factual basis for his plea was insufficient. See *State v. Graham*, No. 118,691, 2019 WL 1412594, at * 5 (Kan. App.) ("Regardless of how Graham frames the issue on appeal, he is attempting to appeal his convictions following a guilty plea. Under K.S.A. 2020 Supp. 22-3602(a), we lack jurisdiction over this direct appeal, so we must dismiss."), *rev. denied* 310 Kan. 1066 (2019).

*We Lack Jurisdiction to Consider Redstone's Appeal of his Presumptive Sentence.*

Redstone's second issue focuses on his sentence. The authorities cited above permit a defendant who pleaded to challenge the sentence. See K.S.A. 2020 Supp. 21-

6820(a); *State v. Hall*, 292 Kan. 862, Syl. ¶ 2, 257 P.3d 263 (2011) (guilty plea does not deprive appellate court of jurisdiction to review sentence).

Redstone argues that the district court failed to consider his motion for a durational or dispositional departure and thus abused its discretion. Yet he cites no record showing that the district court did so. See Kansas Supreme Court Rule 6.02(a)(5) (2020 Kan. S. Ct. R. 35) ("Each issue must begin with citation to the appropriate standard of appellate review and a pinpoint reference to the location in the record on appeal where the issue was raised and ruled on. If the issue was not raised below, there must be an explanation why the issue is properly before the court.").

The State raises a different procedural hurdle here, arguing that because Redstone received a presumptive sentence this court may not consider the appeal of his sentence. It argues that K.S.A. 2020 Supp. 21-6820(c)(1) divests this court of jurisdiction to consider this issue: "(c) On appeal from a judgment of conviction entered for a felony committed on or after July 1, 1993, the appellate court shall not review: (1) Any sentence that is within the presumptive sentence for the crime."

Redstone committed his felonies in 2017. And the district court sentenced him to a sentence within the presumptive sentence for each of his three crimes. Redstone got the maximum presumptive sentence in the Kansas non-drug sentencing grid based on the severity level of the crimes and his criminal history score. So he falls within the terms of this statute.

This statute means what it plainly says. Under K.S.A. 2020 Supp. 21-6820(c)(1) an appellate court may not review a challenge to a presumptive sentence under the Kansas Sentencing Guidelines Act for a felony committed on or after July 1, 1993. *State v. Dull*, 302 Kan. 32, 62, 351 P.3d 641 (2015). Thus, we lack jurisdiction to consider Redstone's challenge to the denial of his departure motion from his presumptive sentence.

*State v. Rizo*, 304 Kan. 974, 984, 377 P.3d 419 (2016). This is still true even when the sentence is to the highest term in a presumptive grid block, as Redstone's was. *State v. Ross*, 295 Kan. 1126, 1135, 289 P.3d 76 (2012).

We lack jurisdiction to review the departure motion denial pursuant to K.S.A. 2020 Supp. 21-6820(c)(1) because the sentence imposed was presumptive.

We also lack jurisdiction to consider the adequacy of the State's factual basis for Redstone's plea because he entered a no contest plea and made no motion to withdraw it.

Appeal dismissed.