NOT DESIGNATED FOR PUBLICATION

No. 122,929

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

MARCUS WAYNE KELLEY JR.,
*Appellant*.

MEMORANDUM OPINION

Appeal from Atchison District Court, ROBERT J. BEDNAR, judge. Opinion filed June 4, 2021. Appeal dismissed.

*Michael G. Jones*, of Crow & Associates, of Leavenworth, for appellant.

*Patrick E. Henderson*, assistant county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before POWELL, P.J., MALONE and GARDNER, JJ.

PER CURIAM: Marcus Wayne Kelley Jr. appeals the district court's summary denial of his motion to appeal out of time. But we lack jurisdiction to review his appeal, so we dismiss it.

*Factual and Procedural Background*

In June 2006, Kelley stabbed an individual 19 times. Kelley informed detectives a few days later that he intended to rob the victim for gas money and did not want to leave any witnesses. The State charged Kelley with attempted murder in the first degree and

1

attempted aggravated robbery. Kelley asked the district court for a competency evaluation, asserting he was suffering from a mental illness that would hinder his ability to aid in his defense. After receiving and reviewing the competency evaluation results, the district court found Kelley competent to stand trial.

Kelley entered a no contest plea to attempted murder in the first degree. As part of the plea agreement, the State promised (1) to dismiss the attempted aggravated robbery charge, (2) to dismiss two pending criminal cases in their entirety, and (3) to withdraw the motions to revoke probation in two other cases. Kelley's plea agreement waived his right to appeal except as to an illegal sentence:

> "by giving up the rights described, the defendant gives up the right to appeal in most, if not all, cases, with the exception being if the sentence which is to be imposed is contrary to law in duration or nature."

The district court asked Kelley whether he understood the impact of his acts:

> "THE COURT: Do you understand that by pleading no contest to this charge, if the Court accepts that plea, the Court will find you guilty and you will give up your right to appeal the conviction to a higher court, plus you give up the other rights that the Court just described for you?"
> "DEFENDANT: Yes, Judge."

The district court then accepted the plea agreement and found Kelley guilty of attempted murder in the first degree.

The district court sentenced Kelley in October 2006, to an aggravated presumptive sentence of 618 months in prison. But after sentencing Kelley, the district court failed to inform Kelley of his right to appeal the sentence. Kelley did not file a timely direct appeal.

2

Instead, in March 2007 Kelley mailed a letter to the district court asking about the status of his appeal. The district court responded by a letter telling Kelley no notice of appeal had been filed in his case and if Kelley wished to appeal, he would need to move to file an appeal out of time. Kelley also received a letter in March from his trial attorney stating that Kelly had not asked him to file an appeal, and no appeal was filed because Kelly had waived most of his appeal rights by signing his plea agreement.

Kelley then filed a series of collateral attacks. In November 2007, he filed his first K.S.A. 60-1507 motion. He argued he was not competent to stand trial when he entered his plea, that he did not understand the consequences of his plea, and that he was restless when first questioned by the detectives. Kelley also stated that he wished he had had counsel during his interview with detectives because he had an alibi. After appointing counsel and conducting a hearing, the district court denied Kelley's motion. Kelley then appealed but a panel of this court affirmed. *Kelley v. State*, No. 105,300, 2012 WL 1970058, at *4 (Kan. App. 2012) (unpublished opinion).

In June 2015, Kelley filed his second K.S.A. 60-1507 motion. The district court dismissed it in September 2015. A notice of appeal from that decision was filed but not docketed. We dismissed his appeal after Kelley moved to dismiss the appeal and to withdraw his counsel in September 2017.

In September 2018, Kelley filed a third K.S.A. 60-1507 motion. This motion alleged actual innocence, new law, new evidence, and ineffective assistance of counsel. The district court dismissed that motion in December 2018, and Kelley did not appeal.

Not until March 2020 did Kelley try to file an out of time appeal, as the district court had suggested in 2007. Kelley moved the district court in 2020 to allow him to file a direct, late appeal from his 2006 criminal case. In this motion, Kelley argued the district court should permit his late appeal under *State v. Ortiz*, 230 Kan. 733, Syl. ¶ 3, 640 P.2d

3

1255 (1982). In *Ortiz*, the Kansas Supreme Court recognized exceptions to the timeliness requirement when a criminal defendant's ability to appeal has been inhibited in any of three specific ways. The district court summarily denied that motion in April 2020. Kelley timely appeals.

*The District Court Properly Denied Kelley's Motion to Appeal out of Time.*

### Standard of Review and Basic Legal Principles

The United States and Kansas Constitutions do not provide a right to appeal a conviction; the right to appeal a conviction or sentence in Kansas is statutory. Subject to certain exceptions, Kansas appellate courts have jurisdiction to entertain an appeal only if taken in the manner prescribed by our statutes. *State v. Smith*, 304 Kan. 916, 919-20, 377 P.3d 414 (2016).

To timely appeal from a criminal conviction in 2006, a defendant had to file a notice of appeal within 10 days after the entry of the order or judgment being appealed. K.S.A. 2006 Supp. 22-3608(c). "The filing of a timely notice of appeal is jurisdictional. Generally, the failure to file a timely notice of appeal requires dismissal of the appeal." *Albright v. State*, 292 Kan. 193, 197, 251 P.3d 52 (2011). But Kelley did not file a notice of appeal within 10 days of his 2006 conviction. In fact, he did not move to file an appeal out of time until 14 years later, in March 2020.

### The Effect of Kelley's Plea

We first examine the effect of Kelley's no contest plea. Under K.S.A. 2020 Supp. 22-3602(a), we lack jurisdiction to consider a direct appeal of a conviction that stems from a guilty or no contest plea:

4

"No appeal shall be taken by the defendant from a judgment of conviction before a
district judge upon a plea of guilty or nolo contendere, except that jurisdictional or other
grounds going to the legality of the proceedings may be raised by the defendant as
provided in K.S.A. 60-1507, and amendments thereto."

Kelley's conviction stems from his no contest plea. His motion to appeal out of time
raises no defect in the district court's jurisdiction and is not a K.S.A. 60-1507 motion. So
this general rule applies to him. We lack jurisdiction to consider a direct appeal of
Kelley's conviction because it stems from a no contest plea. So even had Kelley's notice
of appeal been timely, we would have lacked jurisdiction to consider it.

Along with the statutory bar explained above, a contractual bar prevents Kelley's
appeal of his conviction. In his plea agreement, Kelley waived his right to appeal except
as to an illegal sentence:

"by giving up the rights described, the defendant gives up the right to appeal in most, if
not all, cases, with the exception being if the sentence which is to be imposed is contrary
to law in duration or nature."

A defendant's knowing and voluntary waiver of the statutory right to appeal is
generally enforceable. *State v. Patton*, 287 Kan. 200, 226, 195 P.3d 753 (2008); *State v.
Campbell*, 273 Kan. 414, 425, 44 P.3d 349 (2002). And a court's failure to fully advise
the defendant of the right to appeal does not necessarily negate a defendant's specific
waiver of the right to appeal. To overcome the waiver, the defendant must allege and
show that he or she did not agree to the waiver voluntarily and knowingly. See 273 Kan.
at 425. Kelley raises no such arguments here.

Kansas courts have found also that a defendant's waiver of his or her right to
appeal must be unambiguous. *State v. Bennett*, 51 Kan. App. 2d 356, 364-65, 347 P.3d
229 (2015). In reviewing a plea agreement, the court relies on general principles of

5

contract law and looks to the express language in the agreement to identify both the government's promise and the defendant's reasonable understanding of this promise at the time of the entry of the guilty plea. Kelley's waiver is unambiguous, at least as to his waiver of his right to appeal his conviction, in "giving up the right to appeal in most, if not all, cases, with the exception being" related to an appeal of his sentence. Thus Kelley's attempt to appeal his conviction is barred not only by statute but also by his voluntary waiver in his plea agreement. This result would have been the same even had Kelley's notice of appeal been timely.

*The Effect of Kelley's Presumptive Sentence*

We have established that Kelley cannot appeal his conviction. But the general rule of K.S.A. 2020 Supp. 22-3602(a), which we examined above, does not apply to an appeal of a sentence. See *State v. Key*, 298 Kan. 315, 321, 312 P.3d 355 (2013). So a guilty or no contest plea surrenders a criminal defendant's right to appeal his or her conviction but not his or her sentence. See K.S.A. 2020 Supp. 22-3602(a); *State v. Hall*, 292 Kan. 862, Syl. ¶ 2, 257 P.3d 263 (2011) (guilty plea does not deprive appellate court of jurisdiction to review sentence).

But even if we assume that Kelley desires to appeal his sentence instead of his conviction, a different statute bars his appeal. Kelley received a presumptive sentence rather than an off-grid or a departure sentence. A presumptive sentence is a "'sentence provided in a grid block for an offender classified in that grid block by the combined effect of the crime severity ranking of the current crime of conviction and the offender's criminal history.'" *State v. Ortega-Cadelan*, 287 Kan. 157, 163, 194 P.3d 1195 (2008); see K.S.A. 2020 Supp. 21-6803(q). Kelley's sentence of 618 months in prison, although the aggravated number in the grid block, was in the grid block and was thus a presumptive sentence.

This court lacks jurisdiction to review a presumptive sentence, as K.S.A. 2020 Supp. 21-6820(c)(1) states: "On appeal from a judgment of conviction entered for a felony committed on or after July 1, 1993, the appellate court shall not review . . . [a]ny sentence that is within the presumptive sentence for the crime." As a result, we cannot review an appeal from Kelley's sentence.

As we have stated, under Kansas law, the right to appeal is "entirely statutory." *Harsch v. Miller*, 288 Kan. 280, Syl.¶ 3, 200 P.3d 467 (2009); see also *Flores Rentals v. Flores*, 283 Kan. 476, Syl. ¶ 3, 153 P.3d 523 (2007) (recognizing that the right to appeal is "neither a vested nor constitutional right"). But even if Kelley's argument had some constitutional patina, that would not change this outcome. See *State v. Huerta*, 291 Kan. 831, Syl. ¶ 3, 247 P.3d 1043 (2011) ("[a] criminal defendant's allegation of constitutional infirmity in an individual presumptive sentence does not make the sentence amenable to direct appeal"). We thus lack jurisdiction to review Kelley's conviction and his sentence.

Given our rulings above, we have no need to reach Kelley's claim under *Ortiz*. Even if an *Ortiz* exception applied to excuse the untimeliness of Kelley's filing, the jurisdictional bars would remain under K.S.A. 2020 Supp. 22-3602(a) due to Kelley's plea, and under K.S.A. 2020 Supp. 21-6820(c)(1) due to Kelley's presumptive sentence.

Appeal dismissed.