NOT DESIGNATED FOR PUBLICATION

No. 124,010

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

TERRY LENOTT BROOKS,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; SEAN M.A. HATFIELD, judge. Opinion filed May 6, 2022. Affirmed.

*Gerald E. Wells*, of Jerry Wells Attorney-at-Law, of Lawrence, for appellant.

*Lance J. Gillett*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before POWELL, P.J., GREEN, J., and RICHARD B. WALKER, S.J.

POWELL, J.: Terry Lenott Brooks appeals the district court's summary denial of his motion brought under K.S.A. 2020 Supp. 60-1507. He argues the district court violated Supreme Court Rule 183(j) (2022 Kan. S. Ct. R. at 242) by not making findings of fact and conclusions of law. Because the record on appeal is sufficient to allow our review, and for reasons more fully explained below, based on a review of that record, we affirm the district court.

1

FACTUAL AND PROCEDURAL BACKGROUND

Pursuant to a plea agreement with the State, on November 1, 2017, Brooks pleaded guilty in 16CR3167 to one count of felony driving under the influence (DUI), fourth or subsequent conviction, and in 17CR911, to one count of felony fleeing or attempting to elude an officer and two additional counts of felony DUI, fourth or subsequent conviction. In exchange for Brooks' plea, the State agreed to recommend that the sentences for each case run concurrent with each other.

On January 10, 2018, the district court sentenced Brooks in 16CR3167 to 12 months in the county jail. In 17CR911, the district court sentenced Brooks to a presumptive sentence of 17 months in prison for one count of felony fleeing or attempting to elude an officer and an additional 12 months in the county jail for each of the two DUIs, for a total of 41 months. However, contrary to the plea agreement, the district court ordered the sentences in both cases to run consecutive to each other. The district court specifically noted Brooks' 16 prior DUIs, and his danger to the community as a result, as grounds for running all his sentences consecutive.

Brooks appealed his sentences on two grounds, complaining that the district court abused its discretion by imposing consecutive sentences and by failing to grant him work release. A panel of our court affirmed Brooks' sentences. *State v. Brooks*, No. 119,141, 2018 WL 6427291, at *2 (Kan. App. 2018) (unpublished opinion). The mandate was issued on October 18, 2019.

On July 6, 2020, Brooks timely filed pro se his present K.S.A. 60-1507 motion, claiming:  (1) The district court erred in using his municipal court convictions to enhance his "criminal score" because the district court has exclusive jurisdiction over felony DUIs; (2) the district court wrongly relied upon his presentence investigation (PSI) report at sentencing instead of reviewing the evidence at sentencing; (3) his counsel failed to

make sure the sentencing proceedings were sufficient by requesting the district court to make "special rule" findings on the record; and (4) his sentence in 16CR3167 was illegal because the district court did not make a "special rule" finding on the record. On November 30, 2020, Brooks amended his motion to include a claim seeking the retroactive application of *State v. Boettger*, 310 Kan. 800, 450 P.3d 805 (2019), challenging the inclusion of a prior criminal threat conviction in his criminal history score. Finally, on December 31, 2020, Brooks again amended his motion to argue entry 43 on his PSI report, a municipal court DUI conviction, should not have been used to enhance his DUI conviction and sentence.

Brooks filed a bevy of other pro se motions, most relevant here being two motions requesting the appointment of counsel.

On March 16, 2021, the district court summarily rejected Brooks' claims, finding: "The files and records of the case conclusively show that the movant is entitled to no relief on the merits. Mr. Brooks has not met his burden to allege facts that would require an evidentiary hearing or appointment of counsel." Specifically, the district court rejected Brooks' allegations that his prior municipal court DUIs were wrongly used to enhance his sentence and as a basis for his convictions on the grounds that there were numerous other DUI convictions which could be used. It also rejected Brooks' claim that his prior criminal threat conviction was improperly included in his criminal history, holding that he was not allowed to raise constitutional challenges to a sentence in an illegal sentence claim. The district court denied Brooks' K.S.A. 60-1507 motion and all other pending motions in the case, including Brooks' two motions for appointment of counsel.

Brooks timely appeals.

## Did the District Court Err in Denying Brooks' Motion?

Brooks frames his argument as an appeal of the summary denial by the district court of his motion brought under K.S.A. 60-1507. When a district court determines the motion, files, and case records conclusively show the movant is not entitled to relief and summarily denies the motion, as was done here, our review is de novo, without deference to the district court's decision. See *Beauclair v. State*, 308 Kan. 284, 293, 419 P.3d 1180 (2018).

### A.     *The District Court Did Not Violate Rule 183(j).*

Brooks claims his appeal is one challenging the denial of his 60-1507 motion. Yet his brief fails to make any argument as to why the district court erred in summarily denying his motion. Instead, Brooks limits his appeal to complaining that the district court violated Rule 183(j) when it failed to make adequate findings of fact and conclusions of law on Brooks' two motions for appointment of counsel, which the district court denied when denying his 60-1507 motion. Given Brooks' failure to brief the merits of why the district court erred in denying his 60-1507 motion, we are forced to conclude that he has waived or abandoned this issue. See *State v. Arnett*, 307 Kan. 648, 650, 414 P.3d 787 (2018) (issues not briefed deemed waived or abandoned).

As for Brooks' Rule 183(j) argument, the State responds that Rule 183(j) does not confer a right to counsel when a 60-1507 motion is summarily denied. We agree.

Rule 183(j) requires a district court to make findings of fact and conclusions of law when it summarily denies a K.S.A. 60-1507 motion. The rule's purpose "is to assist the appellate court in conducting meaningful review" so the appellate court is not "'left guessing' as to the district court's rationale" for its denial. *Breedlove v. State*, 310 Kan. 56, 60, 445 P.3d 1101 (2019). Whether the district court complied with Rule 183(j) is a

legal question reviewed de novo. *Robertson v. State*, 288 Kan. 217, 232, 201 P.3d 691 (2009).

When Rule 183(j) is invoked, the relevant question for us is whether the district court made sufficient findings of facts and conclusions of law to allow appellate review. See *Sherwood v. State*, 310 Kan. 93, 98-99, 444 P.3d 966 (2019). Boilerplate journal entries do not satisfy Rule 183(j). *Nguyen v. State*, 309 Kan. 96, 112, 431 P.3d 862 (2018).

We find the record sufficient to allow for our review. Brooks argues the district court violated Rule 183(j) when it summarily denied his two motions for appointment of counsel without making findings of fact and conclusions of law. But Rule 183(j) does not provide a right to counsel or even discuss the appointment of counsel. Moreover, a 60-1507 movant merely has a limited statutory right to counsel. "'[A] district court has a statutory duty to appoint an attorney to represent an indigent 60-1507 movant whenever the motion presents substantial questions of law or triable issues of fact.' [Citation omitted.]" *Thuko v. State*, 310 Kan. 74, 79, 444 P.3d 927 (2019); K.S.A. 22-4506(b); Supreme Court Rule 183(i). When a district court determines the motion, files, and records conclusively show a movant is entitled to no relief and summarily denies the K.S.A. 60-1507 motion, there is no statutory duty to appoint counsel. *Thuko*, 310 Kan. at 79.

Because the district court summarily denied Brooks' 60-1507 motion, Brooks had no right to counsel and the district court had no duty to appoint counsel. The district court did not violate Rule 183(j).

B.     *The District Court Did Not Err in Denying Brooks' K.S.A. 60-1507 Motion.*

Although we have already concluded that Brooks has waived any challenge to the correctness of the district court's denial of his 60-1507 motion, in the interests of judicial economy, we alternatively conclude that even if Brooks had properly challenged the merits of the district court's denial of his 60-1507 motion, our review of the record reveals no error by the district court.

First, Brooks claims the district court erred by using his prior municipal court convictions to enhance his sentences and his DUI convictions. Brooks' argument is inartful on this point, but it appears his rationale for this claim rests upon the proposition that district courts have exclusive jurisdiction over felony DUIs. While there are many reasons to reject Brooks' argument, the most straightforward answer is that even if we were to assume it was error for the district court to utilize any of Brooks' prior municipal court DUI convictions when sentencing him for his current DUIs, Brooks' DUI sentences are still legal because his PSI report shows four prior DUI convictions contrary to K.S.A. 8-1567 from the Sedgwick County District Court. This is sufficient as Brooks was convicted and sentenced for DUIs after having previously committed four or more DUIs. See K.S.A. 2020 Supp. 8-1567(b)(1)(E).

As for his claim that the felony classification of his DUIs wrongly rests upon a municipal court conviction from August 2001, he has waived his ability to challenge the felony classification of his DUIs. A defendant who wishes to challenge the use of a prior misdemeanor DUI conviction for classifying a DUI charge as a felony must do so either at the preliminary hearing or through a timely motion to dismiss. *State v. Key*, 298 Kan. 315, 322-23, 312 P.3d 355 (2013). Brooks did neither. In fact, Brooks not only waived his preliminary hearing in both cases, but he also pled guilty.

6

Second, Brooks appears to argue his attorney was ineffective, thus making Brooks' sentences illegal, for not ensuring the district court applied the "special rule" and for allowing the district court to rely upon the PSI report instead of evidence when it imposed Brooks' sentences. We presume the special rule Brooks is referring to is the special sentencing rule that provides when an offender commits a new felony while on felony bond, the district court may impose a prison sentence even if the new crime's presumptive sentence is probation. See K.S.A. 2020 Supp. 21-6604(f)(4).

While Brooks is correct that the district court made no "special rule" findings at sentencing, none were required because Brooks received a presumptive sentence of 17 months in prison for his crime of felony fleeing or attempting to elude an officer. As for his DUI sentences, each sentence is consistent with the unique DUI sentencing requirements under K.S.A. 2020 Supp. 8-1567(b)(1)(E) and is within the prescribed statutory limits. It is also important to note that the transcript of the sentencing hearing shows the district court imposed maximum consecutive sentences because it considered Brooks a public safety threat given his 16 DUIs, not because it was applying a "special rule." Thus, Brooks received legal sentences for his crimes, and his counsel was not deficient in failing to raise the issue.

It was also proper for the district court to rely on the PSI report at sentencing in the absence of any objection to the PSI report. See K.S.A. 2020 Supp. 21-6814(c). At sentencing, Brooks was specifically asked if he objected to his criminal history, and he did not object. Therefore, the district court was permitted to rely on the PSI report when sentencing him. Given that Brooks presents nothing to show the PSI report was in error, he cannot show his sentences are illegal. See *State v. Roberts*, 314 Kan. 316, 322, 498 P.3d 725 (2021) (postsentencing, defendant has burden to prove error in criminal history); K.S.A. 2020 Supp. 21-6814(c).

Third, Brooks argues his sentence is illegal because his criminal history wrongly includes his conviction for criminal threat, which the Kansas Supreme Court declared unconstitutional in *Boettger*, 310 Kan. at 822. Brooks is correct that a prior conviction which has subsequently been declared unconstitutional may not be used for criminal history scoring purposes. See K.S.A. 2020 Supp. 21-6810(d)(9). However, the legality of a sentence is controlled by the law in effect at the time of sentencing. A sentence does not become illegal because of a change in the law that occurs after sentencing, and a party may only benefit from a change in the law during the pendency of a direct appeal. *State v. Murdock*, 309 Kan. 585, 591-92, 439 P.3d 307 (2019); see K.S.A. 2020 Supp. 22-3504(c)(1).

According to his PSI report, Brooks has a prior conviction for criminal threat from 2012. He was sentenced in his present cases on January 10, 2018, and his direct appeals became final on October 18, 2019. However, the opinion in *Boettger* was not issued until October 25, 2019, meaning Brooks' sentences were final before *Boettger* was issued. Thus, it was not improper to include Brooks' prior criminal threat conviction in his criminal history score because, at the time he was sentenced, that crime had not yet been declared unconstitutional. See *State v. Louis*, 59 Kan. App. 2d 14, 27, 476 P.3d 837 (2020) (criminal threat conviction properly included in criminal history as crime not unconstitutional at time of sentencing), *rev. denied* 313 Kan. 1044 (2021).

The district court did not err in denying Brooks' 60-1507 motion.

Affirmed.