NOT DESIGNATED FOR PUBLICATION

No. 124,994

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

In the Matter of L.W.

MEMORANDUM OPINION

Appeal from Leavenworth District Court; JOAN M. LOWDON, judge. Opinion filed February 17, 2023. Appeal dismissed.

*Charles Joseph Osborn*, of Osborn Law Office, LLC, of Leavenworth, for appellant.

*Jose V. Guerra*, assistant county attorney, *Todd Thompson*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before GARDNER, P.J., MALONE and HILL, JJ.

PER CURIAM: L.W. appeals her juvenile adjudication of one count of criminal threat. L.W. claims for the first time on appeal that she received ineffective assistance of counsel because her attorney missed deadlines to obtain funds to hire an expert witness and to file an expert witness report. In a related issue, she claims the district court abused its discretion by denying her request for an expert witness. For reasons we will explain below, we dismiss this appeal because we lack jurisdiction to address either claim.

FACTS

On March 6, 2019, the State charged L.W. in juvenile proceedings with one count of aggravated criminal threat, alleging she had phoned in a bomb threat to her high school and caused it to be evacuated in December 2018. L.W. filed a notice of intent to assert a

1

defense of mental disease or defect and moved the district court to appoint Dr. Stanley Mintz as an expert witness. Mintz passed away before trial, and L.W. later sought to have Dr. Richard Barnett appointed as an expert witness. After continuing the trial many times, the district court set trial for December 9, 2021. The district court set an October 15, 2021 deadline for L.W. to file financial affidavits from her parents so the court could rule on her motion to appoint and fund Barnett as an expert witness. The district court also set a November 1, 2021 deadline to receive Barnett's written report.

L.W. did not file financial information until November 22, 2021, well after the deadline. At a hearing on December 1, 2021, L.W.'s counsel advised the district court that he anticipated that L.W.'s family would have the resources to retain Barnett without court funding. Counsel added that "it appears unlikely that the—that we are going to be asking to present Dr. Barnett's testimony at this point." Based on the untimely filing of the financial information, the district court denied L.W.'s motion to appoint an expert witness. Still, the court gave defense counsel until the next day to file a report from Barnett. L.W. never filed an expert report to support her mental disease or defect defense.

At a pretrial hearing on the morning of trial, the district court ruled that L.W.'s mother could not testify as a lay witness about L.W.'s mental state to support her defense. The parties then reached a plea agreement calling for L.W. to plead no contest to one count of criminal threat in exchange for the dismissal of three other cases pending against her. On January 18, 2022, the district court sentenced L.W. to 12 months of intensive supervised probation. L.W. timely filed a notice of appeal.

### DID L.W. RECEIVE INEFFECTIVE ASSISTANCE OF COUNSEL?

L.W. claims for the first time on appeal that she received ineffective assistance of counsel because her attorney missed deadlines to obtain funds to hire an expert witness and to file an expert witness report. The State argues this court need not reach the merits

2

of L.W.'s claim because (1) this court lacks jurisdiction in that L.W. pled no contest and did not move to withdraw her plea, and (2) L.W. did not properly preserve the issue by raising it in district court. L.W. filed no reply brief to address the State's arguments.

Turning first to the preservation issue, L.W. does not contest that she failed to raise the ineffective assistance of counsel claim below. Indeed, L.W. does not address preservation at all in her brief. "Each issue must begin with . . . a pinpoint reference to the location in the record on appeal where the issue was raised and ruled on. If the issue was not raised below, there must be an explanation why the issue is properly before the court." Supreme Court Rule 6.02(a)(5) (2022 Kan. S. Ct. R. at 36). L.W.'s brief fails to comply with Rule 6.02(a)(5). And the appellate record does not allow us to address the ineffective assistance of counsel claim even if we were willing to ignore Rule 6.02(a)(5).

> "To establish ineffective assistance of appellate counsel, defendant must show that (1) counsel's performance, based upon the totality of the circumstances, was deficient in that it fell below an objective standard of reasonableness, and (2) the defendant was prejudiced to the extent that there is a reasonable probability that, but for counsel's deficient performance, the appeal would have been successful. [Citation omitted.]" *State v. Salary*, 309 Kan. 479, 483, 437 P.3d 954 (2019).

Generally, an appellate court will not consider an allegation of ineffective assistance of counsel raised for the first time on appeal. 309 Kan. at 483. It may do so only when there are no factual issues and the two-prong ineffective assistance of counsel test can be applied as a matter of law based on the appellate record. 309 Kan. at 483-84. Another option is for the appellant to request a remand for the district court to hold an evidentiary hearing on an ineffective assistance of counsel claim, while the appeal is pending, to establish a sufficient record for appellate review. *State v. Van Cleave*, 239 Kan. 117, 120, 716 P.2d 580 (1986). L.W. has made no such request, and "[w]hen appellate counsel does not request a hearing, this court need not order a *Van Cleave* remand sua sponte." *State v. Hilyard*, 316 Kan. 326, 338, 515 P.3d 267 (2022).

We are unable to evaluate L.W.'s ineffective assistance of counsel claim as a matter of law based on the appellate record. The record reflects that at the hearing on December 1, 2021, L.W.'s trial counsel advised the district court that he anticipated that L.W.'s family would have the resources to retain Barnett without court funding. Counsel also stated it appeared unlikely that the defense would present Barnett's testimony. The district court gave counsel until the next day to file an expert report, but he never filed one. A factual question exists as to whether L.W.'s trial counsel even intended to use expert testimony when he failed to meet the district court's deadlines. At a minimum, we would need to evaluate trial counsel's testimony to determine if his failure to use Barnett's testimony was reasonable trial strategy. And nothing in the record conclusively shows how the failure to timely file an expert report affected L.W.'s decision to plead no contest. The current record lacks definitive facts for this court to rule on the ineffective assistance claim as a matter of law. As a result, the claim is not sufficiently preserved for this court to address it for the first time on appeal.

Even if L.W. had preserved her ineffective assistance claim, we would lack jurisdiction to grant L.W. the relief she is requesting on this claim. L.W. argues that her "right to counsel under the Sixth Amendment of the Constitution was violated, and the appropriate course of action is to reverse her conviction and remand the case for a new trial." As the State points out, L.W. pled no contest to criminal threat and never moved to withdraw her plea. As we will explain in the next section, this court lacks jurisdiction to hear any claim attacking L.W.'s conviction without L.W. first moving to withdraw her plea. See *State v. Williams*, 37 Kan. App. 2d 404, 407, 153 P.3d 566 (2007).

### DID THE DISTRICT COURT ABUSE ITS DISCRETION BY DENYING HER REQUEST FOR AN EXPERT WITNESS?

L.W. next claims the district court abused its discretion by denying her request for an expert witness. L.W. asks that her "conviction be vacated, and her case remanded to

4

the district court" to appoint an expert. At the outset, we observe that the district court never ruled that L.W. could not use an expert witness to support her mental disease or defect defense; the court only denied L.W.'s motion to appoint and fund an expert witness based on the untimely filing of the financial information to support the request. The State responds that the district court did not abuse its discretion in not appointing an expert. But once again, we lack appellate jurisdiction to address the merits of this claim.

As a general rule: "No appeal shall be taken by the defendant from a judgment of conviction before a district judge upon a plea of guilty or nolo contendere . . . ." K.S.A. 2022 Supp. 22-3602(a); *State v. Key*, 298 Kan. 315, 321, 312 P.3d 355 (2013) ("A guilty or no contest plea surrenders a criminal defendant's right to appeal his or her *conviction* but not his or her *sentence*."). A defendant may not file a direct appeal from a plea unless they move to withdraw the plea below and the district court denies that motion. See *State v. Solomon*, 257 Kan. 212, 218-19, 891 P.2d 407 (1995). Although L.W. was charged as a juvenile, this court has applied the above rules to appeals from juvenile adjudications. See *In re D.G.*, No. 103,709, 2011 WL 2040245, at *2 (Kan. App. 2011) (unpublished opinion) (dismissing a claim challenging the factual basis of a juvenile's guilty plea because the juvenile failed to move to withdraw the plea below).

L.W. inappropriately appeals from her adjudication—not her sentence—by claiming the district court abused its discretion in failing to appoint an expert witness. L.W. has waived this issue by pleading no contest to criminal threat and not moving to withdraw the plea in district court. K.S.A. 2022 Supp. 22-3602(a); *Key*, 298 Kan. at 321. We lack appellate jurisdiction to address the merits of this claim.

Appeal dismissed.

5